McCunn, J.
The appeal presents but a single issue for decision in this Court; and that is, was the conveyance from Houghton to Anthony of the premises in controversy delivered before the 10th of August, 1854, the date of record of the judgment of the Merchants’ Bank of Boston v. Charles W. Houghton % If the docketing of the judgment be prior to the delivery of the deed, then the title of the respondent is indefeasible. If the delivery of the deed were prior to the record of the judgment, then the appellant is entitled to a new trial.
*144 The delivery is essential to the effect of a deed; and that effect is determined not by the nominal date, but by the legal delivery of the conveyance.
And, when the circumstances are undisputed, delivery or no delivery is a -question for the Court.
On the uncontrovprted facts of this case, I infer, as matter of law, there was no delivery of the deed from Houghton to Anthony previous to the docketing of the judgment in favor of the bank.
Acceptance by the grantee is indispensable to an effective delivery. An absolute acceptance by an agent may operate a good delivery to the grantee. But, in the first place, it is apparent, on the face of the transaction, that Wetmore was the agent of Anthony to examine the title, and for no other purpose; and, secondly, that he did not in fact assume to accept the conveyance, lie held it until the return of Anthony to the city; and the judgment having been meanwhile recovered and docketed against the grantor, Mr. Anthony, the grantee, then declined to accept the deed. Acceptance of a beneficial conveyance may be presumed ; but the presumption in this case is repelled by the positive refusal of Anthony.
By reason of the cloud on Houghton’s title, arising from the judgment, Anthony refused to consummate the arrangement of which the delivery and acceptance of the deed were essential conditions; and by the abandonment of the whole arrangement by Anthony, the conveyance necessarily became a nullity. The consideration of the conveyance was the release by Anthony of an attachment on Houghton’s property ; but on discovery of the cloud upon Houghton’s title, Anthony proceeded to enforce his attachment. Here is the strongest possible evidence of rejection of the deed by Anthony, and neither he nor his privies can now be heard in a court of justice to assert the operative effect of the repudiated conveyance.
It is an elementary rule, which forbids a man to blow hot and cold with reference to the same transaction—to insist at different times on the truth of each of two conflicting allegations, ac *145 cording to the promptings of his private interest (Broom’s Legal Maxims, 4th ed., 169).
The judgment of the Court below finds support as well in technical law as in substantial justice.