Carnes agt. Platt.

### N. Y. SUPERIOR COURT.

WILLIAM R. CARNES (substituted as plaintiff in place of MARTHA B. CARNES, deceased), plaintiff and respondent, agt. GEORGE W. PLATT, impleaded, &c., defendant and appellant.

This case has been three times before the general term of this court. The first time reported in 6 *Robt.*, 270, where the facts are fully stated; the second time, reported in 1 *Sweeny*, 140.

The court of appeals decided, after the second trial, that certain questions in the case should be tried, as questions of fact, before a jury. On this trial, a verdict for the plaintiff was rendered on these questions (as had been on the two former trials), and the defendant moved, at special term, on a *case and exceptions*, to set aside the verdict and for a new trial, which was denied, and from such order of denial, as well as the judgment, defendant appealed to the general term.

*Held*, that it may be questioned whether, under the provisions of the Code, it is not the duty of the general term, in such a case, to examine the evidence, for the purpose of ascertaining whether the verdict should stand. Such examination having been made, it was decided that there was no reason for disturbing the verdict.

Several exceptions were taken by the defendant to the refusal of the court to allow certain evidence offered by him to be submitted to the jury. The most important one was rejected because it called for the disclosure of confidential communications between attorney and client.

It has long been settled, that professional communications between a party and his professional adviser, although they do not relate to any litigation, either commenced or anticipated, are privileged where the *solicitor* is the party interrogated. This privilege now extends equally to both parties.

*General Term, November*, 1873.

*Before* BARBOUR, *Ch. J.*, MONELL *and* FREEDMAN, *JJ.*

APPEAL by defendant from judgment in ejectment, award-

ing plaintiff an estate for life in the premises described in the complaint, with a right to the present possession.

A statement of the facts appeared in 6 *Robt.*, 270.

JAMES C. CARTER, *for appellant.*
DANIEL T. WALDEN, *for respondent.*

*By the court,* FREEDMAN, *J.*—This is the third time that this case comes before the general term of this court. On each of the two former occasions (6 *Robt.*, 270, *and* 1 *Sweeny*, 140) it was held that the facts of the case as disclosed by the evidence, were not sufficient to establish that Houghton delivered the deed in question to Wetmore for the use of Anthony, absolutely and with intent to pass the title to Anthony prior to the 10th of August, 1854, the date of the record of the judgment of the Merchant's Bank of Boston against Houghton, and that Wetmore so received it ; and that consequently there was, as matter of law, no absolute delivery and acceptance before that day. The court of appeals, however, decided that it was for the jury to determine these questions as questions of fact, in view of all the circumstances surrounding the transaction. On the third trial this was done, and the jury, under a charge which was quite favorable to the defendant, determined these questions in favor of the plaintiff. And although some other questions were formally presented by a motion to dismiss the complaint, yet the point that the evidence authorized no other verdict than a verdict for the defendant, was raised neither by that motion nor by a request for the direction of a verdict. The defendant throughout the trial treated the case as one that could be determined only by the jury, and having done so, if his motion for a new trial had been made solely on the judges' minutes, he would not, in the absence of error, be entitled to argue now that the verdict is against the weight of evidence (*Rowe* agt. *Stevens*, 12 *Abb.* [*N. S.*], 389). But as the motion appears to have been subsequently made on a

case and exceptions, and the appeal is from the order of the special term denying such motion as well as from the judgment, it may be questioned whether, under the provisions of the Code, it is not the duty of the general term to examine the evidence for the purpose of ascertaining whether the verdict should stand. I have, therefore, made such examination, but have been unable to find anything in said evidence that under the law applicable to the case, as finally settled by the court of appeals, would warrant a disturbance of the verdict.

The counsel for the defendant requested the court below to submit to the jury, as a question for them, whether the assignment of the judgment to Martha B. Carnes, was procured by Charles W. Houghton and for his benefit, without any intention to retain a lien or security on the judgment for the money advanced to obtain the assignment. The court refused to submit this question to the jury and to such refusal defendant's counsel duly excepted. The law applicable to this branch of the case must, for the purposes of this appeal at least, be deemed to have been laid down in the opinion delivered by Mr. justice MONELL on the second appeal. This opinion was the opinion of the court on that occasion, and not a mere concurring opinion as erroneously reported in 1 *Sweeny* (*p.* 145). The same request was substantially made in that case, and the question now presented was, therefore, necessarily involved in the decision enunciated. The law as there laid down, stands unreversed to this day and must, for that reason, still control. It is true, the evidence given on the present trial so far as it relates to the request now under consideration, was more voluminous than that given on the preceding trial. But when tested by the rules laid down in the opinion of Mr. justice MONELL above referred to, it was in legal effect no stronger than on the preceding occasion, and consequently the request for its submission to the jury, was properly denied.

The offer of the defendant to prove by the witness Litch, that he was originally employed by Charles W. Houghton in

Carnes agt. Platt.

relation to enforcing this judgment against the property described in the complaint, and in consequence of advice from the witness, arrangement was made between Chas. W. Houghton and Mr. Carnes, that Mr. Carnes should procure an assignment of the judgment in his own name or that of some third person, and that the subsequent proceedings, in order to enforce the judgment, should be had under the direction of such assignee, was properly excluded for the reasons, (1) that because, so far as it went, it was insufficient to establish a defense, and (2) because it called for the disclosure of confidential communications that had passed between an attorney and his client. It has long been settled, as was pointed out by WIGRAM, V. C., in *Walsingham* v. *Goodricke* (3 *Hare*, 124), that communications between solicitor and client, made pending litigation, and with reference to such litigation, or made before litigation, but in contemplation of and with reference to litigation which was expected and afterward arose; or made after the dispute between the parties followed by litigation, but not in contemplation of or with reference to such litigation, are privileged from disclosure, whether the party interrogated be the solicitor or the client. It has also been settled that professional communications between a party and his professional adviser, although they do not relate to any litigation either commenced or anticipated, are privileged where the *solicitor* is the party interrogated. This privilege now extends equally to both parties (*Minet* agt. *Morgan*, 21 *W. R.*, 467; *L. R.*, 8 *ch.*, 361; *Willams* agt. *Fitch*, 18 *N. Y.*, 546, 550; *Britton* agt. *Lorenz*, 45 *N. Y.*, 51, 59). The renewal of the last offer with the addition that the offered proof was to be confined to what occurred between the witness and Houghton, and that it was to be connected subsequently with proof that Mr. Carnes was made cognizant of the arrangements—not by this witness—and assented to it and came into it, was also properly rejected. It was open to the same objections as the first offer and to the additional one that the proposed evidence was clearly not competent

unless the plaintiff was connected with it. The refusal to receive it before such connection was made, was a matter resting in the discretion of the court and, therefore, not the subject of an exception.

The remaining exceptions appear to be equally untenable.

The judgment and order appealed from should be severally affirmed with costs.

BARBOUR, C. J., and MONELL, J., concurred.