WILLIAM B. SUDLOW et al., Appellants, *v.* SIGMUND WARSHING et al., Respondents.

Although the execution and acknowledgment of an alleged deed is in dispute, a duly exemplified copy thereof is competent as presumptive evidence both of the truth of the record itself and of the fact of the conveyance of title.

In an action to recover possession of certain lands wherein defendants claimed title under a deed, the plaintiffs denied the genuineness of the signatures to the deed, but testified that they bore a resemblance to their signatures and to those of the other grantors, and one of them testified that what purported to be his signature to the deed was a fair imitation. An expert in handwriting was called as a witness for defendants, and was allowed, under objection and exception, to testify that he found no evidence in the signatures to the disputed deed that they were "simulated imitations instead of genuine signatures." *Held*, no error.

*Kowing* v. *Manly* (49 N. Y. 192) distinguished.

Previous to the charge to the jury plaintiffs' counsel handed to the court certain requests to charge; after the charge, which fairly presented the law governing the issues, said counsel was asked to look over the requests and to see if there was anything he desired to be further charged, no further request was made. *Held*, that an exception to a refusal to charge, was improper.

(Argued February 7, 1888; decided February 28, 1888.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made May 15, 1885, which affirmed a judgment in favor of defendants entered upon a verdict.

The nature of the action and the facts are sufficiently set forth in the opinion.

*Edwin J. Spink* for appellants. The admission of the exemplified copy of the deed in dispute was error. (2 R. S. 3, §§ 4, 34; *Doe* v. *Roe*, 1 Johns. Cas. 402.) Allowing expert witnesses, to testify from comparison of signatures, is an innovation, and the value of such evidence and the rules applicable to it are a proper matter for instruction by the court to the jury, and such instruction should have been given.

(*Ferguson* v. *Hubbell*, 97 N. Y. 507, 514; *Tracy Peerage*, 10 Clark & F. 154, 191; *Sarvint* v. *Hesdra*, 5 Redf. 47, 61; *Winans* v. *N. Y. & E. R. R. Co.*, 21 How. [U. S.] 88, 101; 1 Redf. on Wills, 155, § 31.)

*S. P. Nash* for respondents.  The statute makes the certificate of acknowledgment *prima facie* evidence, without proof of the officer's signature, of which the court takes judicial notice, and the deed being so acknowledged is entitled to record, and being recorded, a certified copy may be read in evidence.  (1 R. S. 759, § 16; id. [Banks' 6th ed.] 1145, § 34; 2 R. S. 759, § 17; id. [Banks' 6th ed.] 1146, § 35; Code of Civ. Pro., §§ 935, 936; *Thurman* v. *Cameron*, 24 Wend. 87, 91, 92.)  In reference to all the requests not specifically charged, or covered by the charge as made, the court properly ruled that they were matters for the jury in weighing the arguments of counsel, not matters of law calling for direction.  (*Ferguson* v. *Hubbell*, 97 N. Y. 507, 514.) The disputed signatures and the standards being properly before the court, and expert testimony being clearly competent, it is quite clear that it was within the province of the expert to show the presence or absence of simulated marks.  (*Peck* v. *Callaghan*, 95 N. Y. 73; *Johnson* v. *Hicks*, 1 Lans. 150, 160, 161; *Dubois* v. *Baker*, 30 N. Y. 355; *Miles* v. *Loomis*, 10 Hun, 372; affirmed, 76 N. Y. 288; *Wilson* v. *Kneeland*, 5 Hill, 182.)  The custodian of the signature book of notaries, who had become, from his position, familiar with Price's signature, was clearly competent to give an opinion.  (*Hammond* v. *Varian*, 54 N. Y. 398; *Remington Paper Co.* v. *O'Dougherty*, 81 id. 474, 485, 486.)

GRAY, J.  In this action the plaintiffs sought to recover the possession of certain lots of land in the city of New York, as the heirs-at-law of their father, John W. Sudlow, deceased, to whom the premises had been conveyed in 1867 by John A. Livingston. The defense was a conveyance by John W. Sudlow's widow and heirs to one Daniel Bates in 1868, under whom, through

several mesne conveyances, the defendants hold possession. The execution of the deed to Bates was denied by the plaintiffs and its validity formed the issue in this case. The jury found for the defendants, and thus established the genuineness of the deed. There was evidence to support their verdict, and we are concluded by it as to that question. Exceptions were taken by the appellants during the trial of the case which present certain questions of law for us to review.

The appellants excepted upon the trial to the admission of the exemplified copy of the deed in dispute, on the ground that the fact of the execution and acknowledgment of the deed was in dispute. The exception is untenable. To prove their title the defendants showed a transcript of the record of the conveyance to Bates, duly certified by the register under his seal, and thus satisfied the requirements of the statute. The proof was not conclusive upon plaintiffs, and it was open to them to contest its force and effect upon them. (Code Civ. Pro. §§ 935, 936; 1 R. S. 759, §§ 16, 17; id. 760, § 26.) The rule in such cases, as sanctioned by the statutory enactment, is to allow a deed, which has been recorded, to be read as presumptive evidence of the truth of the record itself and of the fact of the conveyance of the title.

An expert in handwriting, called as a witness for the defendants, was asked by their counsel this question: "What evidence, if any, do you find in the signatures to the disputed deed of their being simulated imitations instead of genuine signatures?" The question was allowed and the witness answered "none whatever." Plaintiffs excepted to the allowance of this question and base their exception on the case of *Kowing* v. *Manly*, decided by this court in 1872 (49 N. Y. 192). What was precisely decided in that case was that where the plaintiff had not introduced any evidence to show that a paper, produced and relied upon by the defendants, was in a simulated handwriting, but had merely testified that it was not written by him, it was not competent for the defendants to offer evidence to prove that the paper was in a simulated handwriting.

In the present case a state of facts is presented which did not exist in the case cited. Here two of the grantors in the deed were dead, namely, the widow and a son of John W. Sudlow. These plaintiffs, while denying the genuineness of the signatures to the disputed deed, testified that they bore a resemblance to their signatures and to those of the deceased grantors, and, in at least one instance, the witness testified to the signature being a fair imitation of his own. Comparisons of the disputed deed with other writings, conceded to be genuine, were also made through the witnesses. That was sufficient to warrant the allowance of the question.

In *Miles* v. *Loomis* (75 N. Y. 288), it was decided that it was competent for experts, upon a comparison of signatures, without any other knowledge of testator's writing, to express an opinion as to whether the disputed writing appeared a natural or simulated hand. Since the decision in *Kowing* v. *Manly* chapter 36 of the Laws of 1880 was passed, by which the rules of evidence in respect of disputed handwritings were enlarged beyond what had been permitted under then existing rules. (*Peck* v. *Callaghan*, 95 N. Y. 73.)

No other exception calls for our consideration in the exclusion or admission of evidence upon the trial. We think no error was committed in the charge to the jury. It fairly enough presented the case to the jury, with proper instructions as to the law governing the issues. At the close an opportunity was given to plaintiff's counsel to look over the requests which he had previously handed to the trial judge, and to see if there was anything he desired to be further charged. Not having availed himself of the opportunity thus presented, his exception to the judge's refusal to charge them, without a further request was improper.

There being no error committed upon the trial, the judgment should be affirmed.

All concur.

Judgment affirmed.