LUDLOW W. VALENTINE, an Infant by Guardian, Appellant, v. SUSAN A. AUSTIN et al., Impleaded, etc., Respondents.

Where an action in which a *lis pendens* was filed has been dismissed and the notice canceled, it ceases to be a statutory notice to *bona fide* purchasers of the premises described in it. (Code Civ. Pro. §§ 1670, 1674.)

In an action to set aside a deed from B., plaintiff's ancester, to defendant R., also a deed from R. to defendant A., and a mortgage from the latter to defendant L., it was found that R. obtained his deed by fraud and undue influence, but that A. purchased in good faith relying on R.'s record title and possession. It appeared that a prior action was brought against R. to set aside a former deed of the premises from B. to him, on the same ground, in which action a notice of pendency was filed; a final judgment was entered therein dismissing the complaint, and said *lis pendens* was canceled by order of the court. It did not appear that A. knew of the former judgment. It was claimed that A. was chargeable with either statutory or implied notice of the infirmity of his title. *Held*, untenable; that the *lis pendens*, when canceled, ceased to be a statutory notice; and that the omission of A. or L. to search for the papers filed in that action was not negligence or evidence of bad faith on their part.

Reported below, 58 Hun, 398.

(Argued February 23, 1891; decided March 10, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 8, 1890, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Horace Secor, Jr.*, for appellant. Neither Mrs. Austin nor Mrs. Lunt needs equitable protection against plaintiff, because Richardt is responsible to Austin on his covenants, and Austin to Lunt on her bond. (*Gardner* v. *Schwab*, 110 N. Y. 650; *Armstrong* v. *Dubois*, 90 id. 95.) If this court hold that the facts found by the trial judge show constructive notice to the defendants Austin and Lunt, the finding that Mrs. Austin acted "without any notice of any infirmity," is unavailing to

her. (*Green* v. *Rowerth*, 113 N. Y. 462; *Waser* v. *First Nat. Bank*, 116 id. 492.) If the defendants Austin and Lunt are chargeable with constructive notice of the infirmity of Richardt's title, the fact that they acted in good faith and paid value, is no protection to them. (*Green* v. *Rowerth*, 113 N. Y. 462; *Waser* v. *First Nat. Bank*, 116 id. 492; 1 Perry on Trusts, §§ 217, 223; *Valentine* v. *Lunt*, 115 N. Y. 501; *Weaver* v. *Barden*, 49 id. 286; *Miller* v. *McGuckin*, 15 Abb. [N. C.] 227; *Parker* v. *Conner*, 93 N. Y. 124; *Baker* v. *Bliss*, 39 id. 70; *Claflin* v. *Lenheim*, 66 id. 301; *Bennett* v. *Buchan*, 76 id. 386; *Griffith* v. *Griffith*, Hoff. Ch. 153; *Westervelt* v. *Hoff*, 2 Sandf. Ch. 98.) The defendants, through their attorneys who examined the title, are chargeable with notice of such suspicious, unusual and extraordinary circumstances, as would have caused a person of ordinary prudence to make further inquiries, which would have disclosed the true state of affairs. (*Parker* v. *Conner*, 93 N. Y. 124; *Tantum* v. *Green*, 6 C. E. Green, 364, 369; *Converse* v. *Blumrich*, 14 Mich. 109, 120; 4 Kent's Comm. 179; Wait's Fraud. Conv. [2d ed.] §§ 373, 374; *Griffith* v. *Griffith*, Hoff. Ch. 153; *Baker* v. *Bliss*, 39 N. Y. 70.) But even if these defendants can be held not chargeable with constructive notice, they are only entitled to the protection to the extent of the price paid. (*Valentine* v. *Lunt*, 115 N. Y. 502; *Weaver* v. *Barden*, 49 id. 286, 290, 300; *Cary* v. *White*, 52 id. 138, 141; *Spicer* v. *Waters*, 65 Barb. 227, 231; *Erskine* v. *Decker*, 39 Me. 467; *Partridge* v. *Chapman*, 81 Ill. 137; *Dunn* v. *Chambers*, 4 Barb. 381, 382.)

*James D. Bell* for respondent Austin. This court cannot review any question of fact arising herein because the evidence is not contained in the appeal book. (*Porter* v. *Smith*, 107 N. Y. 531; *Spence* v. *Chambers*, 39 Hun, 193; *Howland* v. *Howland*, 20 id. 472.) Mrs. Austin was protected as a purchaser in good faith without notice for value from a fraudulent vendee. (*Simpson* v. *Del Hoyo*, 94 N. Y. 189.) After a *lis pendens* is canceled a purchaser in good faith need not

examine the pleadings, and is not bound by their allegation. (*Taylor* v. *Boyd*, 3 Ohio, 352; Bennett's Lis Pen. § 204; Code Civ. Pro. § 1674; *Miller* v. *McGucken*, 15 Abb. [N. C] 204.) The defendant Austin is fully protected, and plaintiff has no right to redeem, she being a purchaser in good faith for value. (*Simpson* v. *Del Hoyo*, 94 N. Y. 189; *Bumpus* v. *Platner*, 1 Johns. Ch. 213; *Demarest* v. *Wynkoop*, 3 id. 129; *Griffith* v. *Griffith*, 9 Paige, 315; *Smart* v. *Bement*, 4 Abb. Ct. App. Dec. 253; *Paddon* v. *Taylor*, 44 N. Y. 371; *Valentine* v. *Lunt*, 115 id. 496, 505.)

*W. C. Beecher* for respondent Lunt. We must assume, for the purposes of this appeal, that the deed from Mrs. Valentine to Richardt was obtained by fraud. In that case plaintiff had his election, to ratify the sale and recover the money value of the property from Richardt, or disaffirm the sale and seek to set aside the deed and subsequent conveyances; obviously he cannot do both. (*Maller* v. *Tuska*, 87 N. Y. 168; *Rodemunde* v. *Clarke*, 46 id. 354; *Kinney* v. *Kiernan*, 49 id. 164). Where an appeal is taken on the judgment-roll alone without a case no question of law or of fact raised on the trial can be considered. (*Chubbuck* v. *Veinaen*, 42 N. Y. 432; *Ferguson* v. *Hamilton*, 35 Barb. 427; *Schwartz* v. *Webber*, 103 N. Y. 638; *Health Dept.* v. *Pardon*, 99 id. 237.) The court having found that Mrs. Valentine was sane, and remained so up to the time of her death, and that Mrs. Austin was a purchaser for value and without notice, and that Mrs. Lunt was a good faith mortgagee for value, these facts must be taken as conclusively established, and are not open for discussion. The conclusion necessarily follows that as to them this action must fail. (*Valentine* v. *Lunt*, 115 N. Y. 496.) It is contended that, notwithstanding Mrs. Austin and Lunt took in good faith and for value, yet they were chargeable with notice of the nature of the action brought in 1884, in which the complaint had been dismissed and the *les pendens* canceled by order of the court long before they or either of them took title. This is untenable. (*Miller* v. *McGucken*, 15 Abb. [N. C.] 204;

*Parker* v. *Conner*, 93 id. 118 ; *Straus* v. *Gage*, 79 id. 102 ; *Lamont* v. *Chesire*, 65 id. 30 ; *Ayrault* v. *Murphy*, 54 id. 203 ; *Hayes* v. *Nourse*, 114 id. 595 ; *Simpson* v. *Del Hoyo*, 94 id. 189 ; *Jackson* v. *Henry*, 10 Johns. 184; *Magee* v *Badger*, 34 N. Y. 247, 249 ; *Cupper* v. *Baumes*, 15 Hun, 136 ; 1 R. S. 756 ; *Pickert* v. *Canal Boat*, 55 How. Pr. 205 ; *Morgan* v. *Chamberlain*, 26 Barb. 163 ; *Ring* v. *Steel*, 3 Keyes, 450.)

FOLLETT, Ch. J. This action was begun January 20, 1888, to set aside a deed of June 7, 1886, from Catharine A. Valentine to defendant Hermann T. Richardt, on the grounds : (1) That at its date the grantor was of unsound mind. (2) That it was obtained from her without consideration, by fraud and undue influence ; and also to set aside a deed of October 27, 1886, from Richardt to defendant Susan A. Austin and a mortgage of October 1, 1887, given by her to defendant Elisabeth H. Lunt, on the grounds : (1) That each of them had actual or statutory notice that Richardt acquired his title by fraud; or (2) That each of them had sufficient information of the circumstances under which he acquired his title to put them on inquiry, and having failed to inquire, notice to them of the fraudulent character of his title should be implied.

The court found that Mrs. Valentine was of sound mind on the 7th of June, 1886, and so remained until her death. But it was found that Richardt obtained his conveyance by undue influence and without consideration, and that the premises were then and ever since have been reasonably worth fifteen thousand dollars, and a judgment was ordered and entered against him for that sum with interest from the date of his deed, with costs. Richardt did not appeal from the judgment. The complaint against Mrs. Austin and Mrs. Lunt was dismissed on the merits and a judgment of dismissal entered with costs in favor of each of them against the plaintiff, from which he appealed to the General Term where it was affirmed with two bills of costs, from which affirmance he appealed to this court. Austin and Lunt in compliance with the rule of pleading in such cases (*Seymour* v. *McKinstry*, 106 N. Y. 230), alleged in

their answers that the conveyance to each was for value, in good faith and without notice of any kind that Richardt's title was fraudulent.

A case not being annexed to the judgment-roll the only questions which are presented for discussion are those which arise on the plaintiff's exceptions to the conclusions of law of the trial court.

Upon the issues joined between the plaintiff and the respondents the court found that Mrs. Austin purchased the property from Richardt in good faith, relying upon his possession and record title, without notice of any infirmity therein. The plaintiff conceded that this purchase was made in good faith, and went so far as to request the court to find : " That the defendant Austin purchased said property from said Richardt in good faith, for $12,000, relying upon his record title and possession." But he excepted to the sentence " without notice of any infirmity therein," which is the only finding to which an exception was filed, though exceptions were taken to all of the conclusions of law. As before stated, the evidence not being before the court, this finding so far as it is one of fact is conclusive, unless as the plaintiff asserts it is inconsistent with and overthrown by the other facts found. It is not found nor is it asserted that either of the respondents had actual notice that Richardt obtained his title by undue influence and without consideration, but it is asserted that both of them had either statutory or at least implied notice of the infirmity of his title.

It is found that November 22, 1883, Richardt obtained without consideration, by fraud and undue influence, a previous deed of this property from Mrs. Valentine, which was duly recorded the next day, and that in May, 1884, an action was begun in the City Court of Brooklyn, in the name of Catharine A. Valentine by Charles H. Joy, her next friend, against Richardt to set aside the deed as fraudulent, and as obtained by undue influence and without consideration. It is also found that on the 7th of May, 1884, there was filed in the office of the clerk of the county of Kings a notice of the

pendency of that action, which was in the usual form, the title
being given, and stating in substance that its object was to set
aside the conveyance of November 22, 1883. It is further
found that by a deed dated May 22, 1884, Richardt conveyed
the premises to Mrs. Valentine, and December 20, 1884, a
final judgment was entered dismissing the complaint in the
last-mentioned action, and September 6, 1886, the *lis pendens*
was canceled by an order of the court in which the action was
brought.    Before Mrs. Austin completed her purchase, she
received an official search which disclosed the fact that the *lis
pendens* referred to was filed May 7, 1884, and canceled Sep-
tember 6, 1886.    A like search disclosing the same facts was
furnished Mrs. Lunt when she took her mortgage. The learned
counsel for the plaintiff insists that the *lis pendens* was con-
structive notice, by force of the statutes relating to *lis pendens*,
to the respondents that the first deed from Mrs. Valentine to
Richardt was obtained by fraud. When the action in which
the *lis pendens* was filed had been dismissed and the notice
canceled, it ceased to be a statutory notice to purchasers of
the premises described in it.    (Code Civ. Pro. §§ 1670–1674.)
It is difficult to conceive of an effective notice of the pendency
of an action when no action is pending.

It is further insisted that if the *lis pendens* was not a statu-
tory notice, that the facts found were sufficient to put the
respondents upon inquiry, and that they having failed to
inquire, were negligent and notice should be implied.

It is not found that the respondents or their attorneys knew of
the existence of the judgment which was entered in the action,
or had any knowledge of the relations which are now found
to have existed between Mrs. Valentine and Richardt. When
the respondents found that the *lis pendens* had been canceled,
it was not negligent or evidence of bad faith on their part not
to search for the papers which had been filed in an action
which had been dismissed. It is not affirmatively found that
a complaint was ever filed in that action, but if one was and
had been examined, it would have shown that the defendant
Richardt was charged with having obtained a previous deed

by fraud and undue influence, which, taken in connection with the dismissal of the action and the reconveyance of the property, would not be sufficient to authorize this court to hold, as a matter of law, despite the findings of fact referred to, that the grantee or mortgagee believed or had cause to suspect that Richardt's title was fraudulent, or that they were negligent in not making further inquiry.

The judgment should be affirmed with costs in favor of each respondent.

All concur.

Judgment affirmed.