GOLD v. SERRELL.

(City Court of New York, General Term. February 8, 1893.)

REFEREE'S REPORT—DIRECTION OF JUDGMENT.

A referee's report which makes evident the terms of the judgment to which the successful party is entitled is a sufficient compliance with Code Civil Proc. § 1022, which requires a referee's report to direct the judgment to be entered thereupon.

Appeal from judgment on report of referee.

Action by Lewis Gold against Mary E. Serrell for a commission alleged to have been earned by plaintiff on a sale of defendant's real estate. From a judgment in plaintiff's favor, entered on the report of a referee, defendant appeals. Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

Isaac N. Miller, for appellant.
George W. Dease, for respondent.

FITZSIMONS, J. The defendant, in July, 1890, owned 111 Hester street, this city. Her brother, John G. Lyons, was her general agent, and whatever he agreed to do concerning said property bound her, and she was willing to abide thereby. On July 31, 1891, she wrote him authorizing him to sell said premises for $19,500, provided he received compensation from the buyer for his services. The plaintiff, a real-estate broker, about the time above mentioned, had several interviews with defendant's said brother concerning the sale of said house, which was offered for sale for $20,000 to him as a broker. He (plaintiff) found a buyer ready, able, and willing to purchase said premises for $19,900 cash, which offer was finally accepted by defendant's said brother, who signed the contract of sale for his sister, and

finally the deed to said premises was executed, and delivered by defendant, through her said brother, to the persons procured by plaintiff as purchasers. The defendant refused to pay the usual commission of 1 per cent.; hence this suit for $199. Judgment was rendered by the referee in plaintiff's favor.

The defendant's brother acted throughout all his dealings with plaintiff as her agent, and as he was her general agent, and as all things which he did concerning said premises were satisfactory to and approved by her, therefore his acceptance of the offer $19,900 for the sale of said premises was valid, which offer and final sale was procured and induced by and through the agency of plaintiff. The plaintiff earned his commission, and was entitled thereto. Therefore the judgment in his favor was rightful, and must be affirmed.

The appellant's objection that the referee's report fails to direct judgment as required by section 1022 of the Code of Civil Procedure is without merit. From the referee's report it is very evident what are the terms of the judgment to which the plaintiff herein is entitled. That being so, the referee has complied with section 1022, and his report is sufficient. Hinds v. Kellogg, (Com. Pl. N. Y.) 13 N. Y. Supp. 922.

Judgment affirmed, with costs. All concur.