## DETERMINED IN THE

# THIRD DEPARTMENT

### AT

## GENERAL TERM,

## September, 1893.

---

ALBANY COUNTY SAVINGS BANK, Respondent, *v.* MARY E. McCARTY and Others, Appellants, Impleaded with THOMAS McCARTY and Others.

*Mortgage — certificate of acknowledgment — presumptive evidence — signature of the mortgagor — impeachment of the certificate of acknowledgment — foreclosure — sufficiency of a referee's direction of judgment.*

A regular certificate of acknowledgment on a mortgage is presumptive, but not conclusive, evidence of the due execution of the instrument.

When, on the trial of an action of foreclosure, the plaintiff has put in evidence the bond and mortgage in suit, duly acknowledged, he may rest on the presumptive evidence of the due execution of the instruments arising from the apparent proper acknowledgment thereof, and the burden of answering such testimony will fall on the defendant.

The evidence to impeach the certificate of acknowledgment of a deed or mortgage must be so full and satisfactory as to convince the mind that the certificate is false or forged ; a mere suspicion or even preponderance of evidence less than sufficient to establish a moral certainty to that effect is insufficient.

It is not essential to the due execution of a bond and mortgage that the signature thereto should be in the handwriting of the mortgagor; if the mortgagor directs another to sign his name to the papers or assents to such signing, and afterwards acknowledges the execution thereof, it is a legal execution.

In an action upon a bond and mortgage, purporting to have been duly executed and acknowledged by a person since deceased, the officer by whom the certificate of acknowledgment was made testified, but not positively, that the acknowledgment was made at his office, whereas it appeared that the deceased was not, at the date of the acknowledgment, in a state of health permitting her to appear at said office, and if the acknowledgment was made there it must have been by some person simulating the mortgagor.

*Held,* that the referee by whom the action was tried could properly disregard the testimony of the witness, as not of sufficient weight to impeach his official certificate of acknowledgment.

The statement, at the conclusion of a referee's report on foreclosure, that the plaintiff "is entitled" to judgment as specified in the report, is a sufficient direction for the entry of judgment to entitle the plaintiff to judgment accordingly.

APPEAL by the defendants, Mary E. McCarty and others, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Albany county on the 24th day of December, 1892, in an action brought for the foreclosure of a mortgage, tried before a referee.

*P. C. Dugan,* for the appellants.

*Lansing Hotaling* and *E. Countryman,* for the respondent.

PUTNAM, J.:

This action was brought upon a bond and mortgage claimed to have been executed by defendant Thomas McCarty, and by Ellen McCarty, deceased, his wife, on April 25, 1887, upon premises of the latter, to secure the payment of $8,000 one year from date. The relief demanded in the complaint was the foreclosure of said mortgage and judgment for the deficiency, if any, against said Thomas McCarty individually and as administrator of Ellen McCarty, deceased.

The defendants, Mary E. McCarty (of full age) and John J., Thomas, Jr., Frank, Augustine and Agnes McCarty (infants), by their guardian *ad litem,* as heirs at law of Ellen McCarty, deceased, interposed answers denying the execution of said bond and mortgage by deceased. The issues were referred, and the referee found in favor of the plaintiff. The only question litigated before him was as to the execution of the papers in question by the deceased.

On the trial plaintiff, having read in evidence the bond and mortgage on which the action was brought, and, which being duly acknowledged, proved themselves, rested. The acknowledgments on said papers were presumptive, but not conclusive, evidence of the due execution thereof. (*Sudlow et al.* v. *Warshing et al.,* 108 N. Y. 520–522.)

On such acknowledgments, unless impeached by competent evidence, the referee could properly determine that the mortgagors

duly executed·said papers. It is well settled that there is a *strong* presumption that a deed properly acknowledged and recorded was in fact duly executed. As said in *Pierce et al.* v. *Feagans* (39 Fed. Rep. 587–592): "The record is in due form of law, and it is aided by the presumption that always attends the acts of public officers, that the duty devolved on the officer was properly performed in the manner stated."

Plaintiff having rested on the strong and satisfactory evidence of the due execution of the said bond and mortgage, arising from the proper acknowledgment thereof, it was for the defendants to answer that testimony. The principles applicable when such a state of facts appear, are considered in many reported cases, some of which are referred to by counsel for respondent. These authorities hold that "the evidence to impeach the certificate of the acknowledgment of a deed must be so full and satisfactory as to convince the mind that the certificate is false or forged. A mere suspicion or even preponderance of evidence less than sufficient to establish a moral certainty to that effect is insufficient." (*Griffin* v. *Griffin,* 125 Ill. 430; *Young* v. *Duvall,* 109 U. S. 573.)

Remembering this well-settled doctrine, and after a careful examination and consideration of the evidence in the case, we are of the opinion that we cannot properly reverse the findings of the learned referee on the questions of fact submitted to him, as contrary to the evidence.

Defendants on the trial sought to impeach the certificate of acknowledgments on the bond and mortgage, by the testimony of Commissioner Krank, the officer who took such acknowledgments, to the effect that they were taken at his office in the city of Albany, and showing by other witnesses that at that time Ellen McCarty was confined to her bed by sickness, and unable to be in Albany. The testimony of the witness Krank also tends to show that he was not certain that the person who made such acknowledgments as Ellen McCarty was the deceased mortgagor, and the woman who in fact made the acknowledgment may have been some other person. He thought he was never at the residence of Ellen McCarty at· or about the time the acknowledgments in question were taken. Defendants also show that the signatures to said bond and mortgage were not in the handwriting of deceased, and produce some testi-

mony tending to show that at that time deceased was unable to execute said paper at her own house.

It will be seen that the defense rests principally upon the testimony of the witness Krank. The evidence was such that the referee could properly find that at the time the papers in question were executed, deceased, although sick and confined to her bed, was yet able to execute them at her own home. There was evidence that on April 25, 1887, the day of the date of said bond and mortgage, she, with her husband, executed a chattel mortgage to one Shubal Kelly, which was acknowledged before said Krank. There was also testimony given by her physicians indicating that at the time mentioned she was in a condition to execute a bond and mortgage.

It was not essential to the due execution of the bond and mortgage that the signature thereto should be in the handwriting of deceased. If she directed another to sign her name to the papers, or assented to such signing, and afterwards acknowledged the execution thereof, this would be a legal execution. (*Frost* v. *Deering*, 21 Me. 156; *Bartlett* v. *Drake*, 100 Mass. 174; *Mackay* v. *Bloodgood*, 9 Johns. 285; *Greenfield Bank* v. *Crafts et al.*, 4 Allen, 447.)

But the evidence renders it almost certain that deceased, on April 25, 1887, was unable to be at the office of Commissioner Krank in Albany. Assuming that the person who made the acknowledgment to the bond and mortgage as Ellen McCarty did so at said office as Krank testifies, it would follow that some person on that occasion simulated her.

It was for the referee to determine what credit, if any, should be given to the testimony of the witness Krank, thus produced by defendants to impeach his official certificate. The referee heard and saw him, and witnessed his manner of testifying. The witness was not *certain* that the papers in question were acknowledged at his office, and his testimony was somewhat contradictory and unsatisfactory. The referee could properly, under the circumstances, disbelieve and disregard such testimony, especially where it tends to impeach and contradict the official certificate of the witness. The referee was not compelled to hold, on the evidence of said witness, that the bond and mortgage were acknowledged at his office in Albany, it appearing that deceased was not then in a condition to

appear at said office.   He could properly determine that the recollection of such a witness as to a transaction occurring several years before, was not of sufficient weight to impeach his official certificate.

We do not deem it necessary to further discuss the evidence.   A question of fact was submitted to the referee as to whether Ellen McCarty did, or did not, execute the bond and mortgage in question.  On the one hand the official certificates of the officer attached at the time, and on the faith of which the papers were accepted and recorded, were read in evidence.   On the other side was the unsatisfactory testimony of the officer who took the acknowledgment, offered with a view of impeaching his own official certificate.   We think the conclusion of the referee was justified by the evidence.

There was no material error in the order sending the report back to the referee for correction or in the subsequent order modifying the first order.   The report at the end thereof contains the following language : " That the plaintiff is entitled to the usual judgment for the foreclosure of the said mortgage and a sale of said mortgaged premises with judgment for deficiency, if any there should be, against the defendant Thomas McCarty, individually, and as administrator of the goods, chattels and credits of Ellen McCarty, deceased, together with the costs of this action."

This is a sufficient direction for judgment.   In saying that the plaintiff " was entitled " to the judgment, as specified in his report, the referee sufficiently directed the entry thereof.   (*Gold* v. *Serrell*, 21 N. Y. Supp. 1078; *Hinds* v. *Kellogg*, 13 id. 922.)

On this direction, contained in the referee's report, plaintiff was entitled to judgment, foreclosure and sale.   Hence the order objected to by the defendants, as to them, was unnecessary and unimportant, as on the report itself plaintiff was entitled to the judgment in fact entered.   Of course, as to those defendants who did not answer it was necesssary to apply to the court for the usual judgment of foreclosure and sale.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.