HANNAH JANE MARDEN, Respondent, *v.* ELLA M. DORTHY, JOHN F. DORTHY, HIRAM L. BARKER and THE MONROE COUNTY SAVINGS BANK, Appellants. No. 2.

*Deed procured by fraud — presumption arising from a certificate of acknowledgment — from the failure of the grantee to testify — rights of a mortgagee in good faith — possession as notice — estoppel — failure to prove part of a complaint — an intention to deliver a deed must exist.*

A certificate of acknowledgment of the execution of a deed makes out a *prima facie* case of validity as strong as if the facts certified had been duly sworn to in open court by a witness apparently disinterested and worthy of belief. It is not to be overthrown by evidence of a doubtful character, nor by a bare preponderence of evidence; yet, when the proof is clear and convincing that the grantor never delivered nor acknowledged the instrument as her act and deed, and where, upon the trial of an action involving the validity of a deed, the grantee fails to appear and testify, the finding of the court that the deed was false, fictitious, fraudulent and void must be affirmed.

Where a grantor is inveigled into signing a paper without any knowledge or information upon her part that it is a deed of her property, and where she never had any intention of parting with her title, and never delivered the instrument as an operative conveyance, a mortgagee in good faith, claiming under the fraudulent grantee, cannot invoke the doctrine that the grantor has been negligent in signing the instrument and is, therefore, liable to the mortgagee as an innocent party, acting to its prejudice upon the faith of the instrument.

Where a *bona fide* mortgagee relies, in making a loan, upon the certificate of acknowledgment of the execution of a deed, it cannot be said that the mort-

gagee has parted with any value upon the strength of the signature of the grantor, and she is not estopped from showing that she never appeared before the person taking the acknowledgment, and that the certificate is fraudulent.

The possession of land, both by one who claims that a recorded deed thereof made by her was induced by fraud and also by her grantee, is equivocal and consistent with the title of the apparent record owner, and strangers have a right to assume therefrom that the possession is in accordance with the record title.

Where the proof in an action, brought to set aside a deed for fraud, establishes all the material allegations in the complaint, except the charge that the signature of the plaintiff to the deed was forged, and the allegations actually proved are sufficient to justify the judgment, it is not a ground for its reversal that the plaintiff failed to prove the allegation relative to the forgery.

An intention upon the part of the grantor to deliver, and of the grantee to accept, a deed, is necessary to give it effect; and while delivery may be by acts merely, by words merely, or by both combined, it is necessary, in all cases, that an intention to deliver shall exist.

APPEAL by the defendants, Ella M. Dorthy and John F. Dorthy, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 26th day of March, 1896, upon the decision of the court rendered after a trial at the Monroe Equity Term.

Also, an appeal by the defendant, The Monroe County Savings Bank, from that portion of said judgment wherein it is adjudged that a deed of conveyance from the plaintiff to the defendant Ella M. Dorthy is false, fictitious, fraudulent and void, and that the mortgage of said Ella M. Dorthy to the Monroe County Savings Bank and the notice of pendency and judgment in the action brought to foreclose said mortgage are not liens on the premises described in said deed and mortgage, and that the record of said deed and mortgage be canceled, and that said notice and judgment be vacated.

Also, an appeal by the defendant, Hiram L. Barker, from so much of said judgment as adjudges that the record of the mortgage from the defendant Ella M. Dorthy to the defendant Hiram L. Barker should be canceled of record by the clerk of Monroe county, and that the said mortgage is not a lien upon the premises described in the complaint, and so far as it adjudges that the paper writing set forth in the complaint, purporting to be a deed of conveyance from the defendant Ella M. Dorthy, is false, fictitious, fraudulent and void.  (See *Marden* v. *Dorthy,* No. 1, *ante,* p. 176.)

*John Van Voorhis*, for John F. Dorthy and Ella M. Dorthy, appellants.

*David Hays*, for Hiram L. Barker, appellant.

*William B. Lee*, for the Monroe County Savings Bank, appellant.

*Theodore Bacon*, for the respondent.

GREEN, J.:

This action was brought to set aside a deed of premises, purporting to have been executed by the plaintiff to the defendant Ella M. Dorthy, and mortgages on the same premises afterwards executed by the defendants Dorthy to the defendants The Monroe County Savings Bank and Hiram L. Barker, respectively.

The principal facts found by the court are substantially as follows : That, on the 12th day of December, 1892, the defendant John F. Dorthy caused to be recorded an instrument in writing, under seal, purporting to be a deed executed and acknowledged by the plaintiff on the 31st day of October, 1892, reciting that, in consideration of one dollar and other valuable considerations, she, as the grantor therein named, conveyed to the defendant Ella M. Dorthy the premises therein described ; that the plaintiff never executed or acknowledged the said instrument, and never knew of the existence thereof until some time in April, 1895, when a rumor came to her that such an instrument had been made, which was confirmed by an examination thereof made by her on or about the 23d day of May, 1895 ; that, although the signature affixed to said instrument is genuine, the plaintiff signed her name thereto without any knowledge or information that the paper was a deed of her said premises, or that it was an instrument which in any manner affected her interest therein ; that she never at any time had any intention of selling, conveying or incumbering said premises, and her signature to said paper writing, purporting to be a deed thereof, was procured by said John F. Dorthy by some trick or artifice perpetrated by him in some way or manner which does not appear and is unknown to the plaintiff ; that she never acknowledged the execution of said instrument in any manner, and never appeared before the officer whose certificate of her acknowledgment is affixed thereto, for the purpose

of acknowledging the execution thereof; that the signature of said officer to such certificate of acknowledgment is genuine, but the same was in some manner obtained by said John F. Dorthy — in what way does not appear — but without any acknowledgment by the plaintiff to such officer, and without her authority given in any manner whatever; that said instrument was never delivered to the defendant Ella M. Dorthy, and she never authorized any one to receive the same for her, and no consideration for and on account of said instrument ever passed between the plaintiff and her, or between the plaintiff and John F. Dorthy; that said Ella M. Dorthy never had any knowledge of the said pretended deed of the plaintiff to her until some time in April, 1895, when the same rumor already mentioned came to her, which was subsequently verified by an examination of the record thereof, made by her mother, as aforesaid; that, in May, 1893, John F. Dorthy delivered to the defendant bank a mortgage of said premises, purporting to have been executed and acknowledged by Ella M. Dorthy and himself, and also a bond, upon which the bank advanced to him $5,000, which sum he converted to his own use, without the knowledge of the plaintiff or of Ella M. Dorthy; that John F. Dorthy procured the said bond and mortgage to be executed and acknowledged by Ella M., without any knowledge or information on her part as to what said instruments were, or that the mortgage conveyed any interest in her mother's premises; and that the latter was wholly ignorant of the same until after she discovered the record of said deed. A similar finding is made in respect to the mortgage executed to the defendant Barker in November, 1894.

As a conclusion of law, the court finds that the said paper writing, purporting to be a deed of conveyance from plaintiff to Ella M. Dorthy is false, fictitious, fraudulent and void, and that the record thereof, together with the records of said mortgages, should be canceled of record, etc. It is assumed that the defendant mortgagees are *bona fide* purchasers for value paid.

The doctrine applicable to the principal question presented here, and which controlled the learned court below in its decision, is that a certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence,

but only on proof so clear and convincing as to amount to a moral certainty; that the certificate, when read in evidence, makes out a *prima facie* case as strong as if the facts certified had been duly sworn in open court by a witness apparently disinterested and worthy of belief. (*Albany Co. Sav. Bank* v. *McCarty*, 149 N. Y. 71; 71 Hun, 227.)

The court below states in its opinion that the presumption arising from the deed, that it was duly executed and acknowledged, is overcome by the most convincing proof. With this judgment we fully concur. And in addition to the evidence presented to the court, its decision is strengthened by the failure of the defendants to call Ella M. Dorthy, the person named as grantee in the deed, as a witness in their behalf. The complaint charges that the plaintiff never executed, acknowledged or delivered the deed, and that it was false, forged, fraudulent and fictitious, and yet the grantee remains silent, and the defendant mortgagees, whose title is based upon the validity of the deed, neglect to produce her in defense of their title. Such omission is a proper subject for consideration by the court or jury in weighing the evidence. "The findings of a master in matters of fact are not to be reviewed by the court unless clearly shown to be erroneous. And, in equity, as at law, the omission of a party to testify in control or explanation of testimony given by others in his presence is a proper subject of consideration." (*McDonough* v. *O'Niel*, 113 Mass. 92.)

And in the language of the court in *Kirby* v. *Tallmadge* (160 U. S. 379): "As they had it in their power to explain the suspicious circumstances connected with the transaction, we regard their failure to do so as a proper subject of comment. 'All evidence * * * is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted.' It would certainly have been much more satisfactory if the defendants, who must have been acquainted with all the facts and circumstances attending this somewhat singular transaction, had gone upon the stand and given their version of the facts. 'The conduct of the party in omitting to produce that evidence in elucidation of the subject-matter in dispute, which is within his power, and which rests peculiarly within his own knowledge, frequently affords occasion for presumptions against him, since it raises strong suspicion

that such evidence, if adduced, would operate to his prejudice." (And see also *Brooks* v. *Steen*, 6 Hun, 516 ; *Kenyon* v. *Kenyon*, 88 id. 211, 214, and the cases referred to in *McGuire* v. *Hartford Fire Ins. Co.*, 7 App. Div. 575, 590, 591.)

The defendant mortgagees rested their defense mainly upon the presumption arising from the certificate of acknowledgment and upon expert testimony as to the genuineness of the signatures of the plaintiff and of the commissioner who purported to have taken the acknowledgment. They also called the commissioner as a witness in their behalf, but his testimony was in favor of the plaintiff. The presumption created by the certificate was overcome by the evidence adduced and by the circumstances, inferences and probabilities of the case. The grantee in the deed was a very important witness for the defense, and, as we conceive, it was the duty of the defendants to call her. Her omission to testify creates not only a very strong presumption against her, but the failure of the mortgagees to call her as a witness in their behalf is a circumstance deserving much consideration in weighing the evidence of the mortgagees themselves.

It may be a trite observation to make that the rights of the parties are to be determined by the facts and circumstances as they exist here, and are not to be adjudged by decisions in other cases presenting facts substantially different. Where the question is one to be determined upon the facts of the case, no one case can be an authority for another ; nor is it a very profitable inquiry to consider whether one case resembles another in its facts. A decision may, perhaps, be a binding authority as to the conclusions of fact arrived at where the facts are identical, but not otherwise. In any other case the tribunal must investigate the facts for itself and determine whether the evidence adduced is sufficient to create a legal or moral certainty, either the one way or the other. (*London Joint Stock Bank* v. *Simmons*, 1 App. Cas. [1892] 208, 210, 221.)

Appellants rely upon *Kerr* v. *Russell* (69 Ill. 667). That case simply holds that the unsupported testimony of the party shall not prevail over the official certificate — and especially after the lapse of thirty-four years. (See criticism in 14 Alb. L. J. 273.) To the same effect are *Lickmon* v. *Harding* (65 Ill. 505) ; *Fitzgerald* v.

*Fitzgerald* (100 id. 385) ; *Post* v. *First Nat. Bank of Springfield* (138 id. 559). It should be remarked that the court, in the two cases first cited, based its decision upon the doctrine that the officer, in taking the privy examination of a married woman and certifying to the facts required to be stated, was acting in a judicial or quasi-judicial capacity. But since such privy examination is no longer required, the act is merely ministerial. (*People* v. *Bartles*, 138 Ill. 322, 331.)

In the case cited it was duly observed that the courts frequently fail to distinguish between cases of acknowledgments by married women and cases in which married women were not concerned. And an examination of the cases will show that the courts sometimes fail to distinguish between those cases where the married woman actually appeared before the officer and acknowledged the execution of the instrument, but claims that the facts stated in the certificate are false and fraudulent, and those cases where the contention is made that the officer never acquired jurisdiction, power or authority to take any acknowledgment. Obviously there exists a material and substantial distinction, and yet it appears that decisions of the former character have been referred to indiscriminately. (*Albany Co. Sav. Bank* v. *McCarty*, 149 N. Y. 71.)

The doctrine of the Supreme Court of the United States is that a certificate of a separate examination, made in the prescribed form, cannot be controlled or avoided, except for fraud, by extrinsic evidence of the manner in which the examination was conducted by the magistrate. (*Hitz* v. *Jenks*, 123 U. S. 297, 303–305.)

The cases of *Insurance Company* v. *Nelson* (103 U. S. 544) and *Young* v. *Duvall* (109 id. 573) are of a similar character — the officer acquired jurisdiction by the appearance of the married woman.

In *Ford* v. *Osborne* (45 Ohio St. 1) the wife claimed that she was induced to sign the deed by the fraud of her husband, and they both testified that she never acknowledged it, and the commissioner had no distinct recollection of the fact, besides his own signature. In view of other circumstances stated in the report, it was held that the certificate must stand as true, especially as respects a *bona fide* purchaser.

In *Barnett* v. *Proskauer & Co.* (62 Ala. 486) the supposed grantor denied the execution of the deed and of any knowledge of its existence until the suit was commenced. She was corroborated by the

testimony of her husband, who confessed to having signed the deed in her name, without her knowledge, and also that he made the acknowledgment certified by the commissioner. The commissioner was not examined and the appellee offered no evidence in support of the certificate. "Evidence of this character, in contradiction of acts certified by officers of the law, proceeding from the parties in interest, is undoubtedly attended with great risks. The law admits it, and all the courts can do is to scrutinize it carefully. If it is full and direct, it is entitled to the same credit which would be given to the evidence of the other witnesses whose credibility was affected only by reason of interest." The court also held that the parties impeaching the certificate were not bound to call the commissioner as a witness, and that if any presumption arises from the absence of his evidence, it is against, rather than in favor of, the parties relying upon the certificate.

In view of the finding of the court, supported by convincing proof, that the plaintiff never executed, delivered or acknowledged the instrument as her act and deed, it becomes unnecessary to review the numerous cases bearing upon the subject in question. The cases are fully collated in 1 American and English Encyclopædia of Law (2d ed.), 555–562.

But it is insisted that the plaintiff is in some ways estopped, as against the defendant mortgagees, from showing the non-execution and non-delivery of the instrument, and the doctrine is invoked that where a party is induced to sign and deliver an instrument, through some fraud, trick or artifice, and is chargeable with negligence in so doing, he is liable to an innocent party who acted to his prejudice upon the faith of the instrument. (*Page* v. *Krekey*, 137 N. Y. 307, 312; *Nat. Exch. Bank* v. *Veneman*, 43 Hun, 241.)

But here the plaintiff was not chargeable with negligence in signing the paper. She was not tricked into signing a deed of her premises to one person, supposing it to be a conveyance to another. Her signature to the paper was obtained without any knowledge or information that it was a deed of her property. She never had any intention of passing the title of it to any one, and, therefore, is not in the position of having placed confidence in another, and thereby intentionally enabling a fraudulent grantee to injure an innocent third party. Nor did she deliver the instrument as an operative

conveyance — it never had any legal inception or effect. The question of delivery, involving acceptance, is always one of intention depending on the circumstances of the transaction. In some cases the intention is clear, in others it is doubtful; but the intention always determines the character of the act. An intention to deliver on the one hand and accept on the other, is necessary to give effect to the instrument. (*Brackett* v. *Barney*, 28 N. Y. 333, 340.)

An absolute delivery is one which is complete upon the actual transfer of the instrument from the possession of the grantor; and it may be by acts merely, by words merely, or by both combined; but in all cases an intention that it shall be a delivery must exist. (*Ford* v. *James*, 2 Abb. Ct. App. Dec. 159; *Carnes* v. *Platt*, 1 Sweeny, 140; 7 Abb. Pr. [N. S.] 42.)

In *Jacobs* v. *Alexander* (19 Barb. 243) the party named as grantee in a deed, executed and acknowledged, obtained possession of it after the grantor's death and conveyed to the plaintiff, and the deed was held inoperative for want of delivery. It is not stated in the report whether the plaintiff was a *bona fide* purchaser for value, and evidently that circumstance was deemed immaterial.

Again, it is not apparent that the defendant mortgagees were acquainted with the plaintiff's signature, or that they parted with any value upon the strength of it. It does not even appear that the officers of the bank, or the defendant Barker, inspected the signature at the time of making the loans. Dorthy merely says that he "thinks" the deed was taken over to the bank. The fact of the matter undoubtedly is, that the mortgagees relied upon the truth of the certificate as to the due execution of the deed, rather than upon the signature, as evidence of such execution. They placed their reliance upon the integrity of the officer who certified to an instrument which he had no power, jurisdiction or authority to make, and not upon any execution of the paper independent of such certificate. It would certainly have been an unusual thing for the bank especially to have advanced money upon the strength of an unacknowledged and unrecorded deed. In the absence of such acknowledgment, the defendants would have sustained no loss or injury. The acknowledgment and record being unauthorized and fraudulent, upon what principle is the plaintiff estopped from showing the truth? She was in no way responsible for the making of such cer-

tificate or record, even though she were chargeable with negligence in signing the instrument, and parting with its possession. And the certificate being void, it is no evidence of delivery of the deed. In *Williamson* v. *Carskadden* (36 Ohio St. 664) it was properly held that if the party never appeared before the officer or acknowledged the execution of the instrument, the certificate is fraudulent, and it is not necessary to show that the mortgagee had notice of it. In such case the absence of power or jurisdiction in the officer to do the act prevents the operation of any estoppel against the party for whom he purports to act. (1 Am. & Eng. Ency. of Law [2d ed.], 558.)

Authorities cited by appellants are inapplicable to the facts and circumstances of this case. In *Simpson* v. *Del Hoyo* (94 N. Y. 189) the conveyance was procured by means of fraudulent representations, and the doctrine was stated to be that " when real or personal property is obtained from one by fraud upon the purchase thereof, and the vendor thus intentionally parts with the title, the vendee can always, by a sale to a *bona fide* purchaser for value, give a title good as against the vendor." This case is considered and distinguished in *Seymour* v. *McKinstry* (106 N. Y. 230).

The decisions in *Valentine* v. *Lunt* (115 N. Y. 496); *Valentine* v. *Austin* (124 id. 400), and *McNeil* v. *Jordan* (28 Kans. 7) were based upon the same general principle. Since the plaintiff here did not " clothe the grantee with the apparent title and possession," there is no ground of estoppel created against her.

Plaintiff's counsel insists that the mortgagee defendants were put upon inquiry, and chargeable with constructive notice of her title, by reason of the fact of her continuance in possession of the premises after the making of the pretended deed, and at the time of the execution of the mortgages by the supposed grantee. It appears that her name, in large letters, was on the front door and upon the horse block at the curbstone, conspicuously displayed for the information of any one having occasion to view the premises. But the plaintiff, her daughter (the grantee), and son-in-law all lived together as one household. Defendants contend that the doctrine of constructive notice is inapplicable, for the reason that plaintiff's possession was equivocal and consistent with the title of the apparent record owner, and the latter, having been in possession of the property, strangers had the right to assume that possession was in accord-

ance with the record title. (Citing *Pope* v. *Allen*, 90 N. Y. 298; *Seymour* v. *McKinstry*, 106 id. 230; *Holland* v. *Brown*, 140 id. 344; *Staples* v. *Fenton*, 5 Hun, 172; *Baldwin* v. *Golde*, 88 id. 115; *Rankin* v. *Coar*, 11 Law. Rep. Ann. 661; 46 N. J. Eq. 566.)

Counsel for plaintiff cites *Phelan* v. *Brady* (119 N. Y. 587) and *Boyer* v. *Chandler* (160 Ill. 394; 32 Law. Rep. Ann. 113).

The proposition stated by the appellants appears to be sound, but it is immaterial in view of our assumption that the defendants are *bona fide* mortgagees without notice.

Appellants insist that the gist of the cause of action set forth in the complaint is forgery of the plaintiff's signature, and as there was a failure of proof as to that allegation the complaint should have been dismissed. The complaint alleges that the plaintiff never executed the instrument nor acknowledged it, nor ever saw it or heard of it until several years after its date; that it is absolutely fraudulent and fictitious; that the pretended certificate of acknowledgment was false; that the grantee, for several years after its date, knew nothing of it and had never heard of it; that it was falsely contrived, and that plaintiff's signature was forged by Dorthy. Where the allegation to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance, but a failure of proof. (Code Civ. Proc. § 541.)

Here there was no failure to prove the cause of action in its entire scope and meaning, but simply a failure of proof as to one of the particulars upon which it is based. Striking out that particular a cause of action remains upon the other grounds stated, viz., that the plaintiff never " executed," delivered or acknowledged the instrument as her act and deed. An inability to prove to the satisfaction of the court that the signature was a forgery should not preclude proof of the other allegations. The foundation of the plaintiff's claim is, that the paper was not her deed and never had any legal inception or effect, and in support of it certain particulars are alleged. The defendant mortgagees parted with value, not upon the signature, but upon the faith of the certificate of acknowledgment that she " executed " the instrument, which was false. No reliance was placed upon the signature independent of the certificate; and assuming its genuineness to be established by the expert testimony,

the evidence was sufficient to uphold a finding upon the other averments of the complaint. Defendants were notified by the complaint that it would be necessary or expedient to call the grantee as a witness to contradict such averments. Dorthy, the grantee's husband, was "sworn on his own behalf," but his testimony was given in support of the deed, which he claims the plaintiff executed and delivered to him for his wife. We are unable, therefore, to perceive any reason why there should be a new trial of all these matters merely because of the failure to prove the forgery.

An examination of the exceptions taken by defendant on the trial presents no error calling for a reversal of the judgment.

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.