■ ROYAL INN, LTD., Appellant, v M.A.F. REALTY CORP. et al., Respondents. — In an action to set aside as fraudulent an assignment of a mortgage, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Beisheim, J.) entered December 1, 1982, which, upon defendants' motion at the close of plaintiff's case, dismissed the complaint for the failure to make out a prima facie case.

Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event.

The plaintiff commenced this action seeking a judgment declaring a purported assignment of plaintiff's interest in a mortgage instrument to the defendants to be fraudulent, null and void and directing the county clerk to cancel all records of the assignment.

At trial, there was only one witness, Ernest Halpern, secretary-treasurer of plaintiff who testified that the signature on the assignment, which was allegedly his own, was not in his handwriting, and incorrectly listed him as president even though he never held that office. Furthermore, he stated that he knows with certainty that he did not sign the document, and never appeared before the notary to acknowledge the signature. He further testified that the seal on the document is not that of the plaintiff corporation, because the true seal of the corporation bears the year 1971 and the seal on the document bears the year 1972.

After Mr. Halpern testified, the plaintiff rested, and the defendants moved to dismiss the complaint based upon the plaintiff's failure to meet the burden of proof to overcome the presumption of the validity of the document. The court granted the defendants' motion to dismiss.

We conclude that the court improperly dismissed the action.

A prima facie case is one established by evidence which, if credited, is in law sufficient to establish a fact or facts which it is adduced to prove.

"[A] certificate of acknowledgement should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty" (*Albany County Sav. Bank v McCarty,* 149 NY 71, 80). It is true that Mr. Halpern was the only witness who testified on behalf of the plaintiff and that his testimony was marked by some inconsistencies. Nevertheless, there is some support in the record for Mr. Halpern's testimony. For example, while the assignment in question is dated July 5, 1972, Mr. Halpern's purported signature was not notarized until April 8, 1974 and the assignment was not recorded until December 24, 1980; the assignment describes Mr. Halpern as president of the plaintiff corporation, contrary to the witness' testimony that he never held the office of president; and the corporate seal which was placed on the document allegedly contains an incorrect date. In our judgment, the testimony of Mr. Halpern, if believed by the trier of fact and supported by the foregoing evidence which remains unexplained, would have been sufficient to rebut the presumption of validity of the assignment (see *Albany County Sav. Bank v McCarty, supra;* see, also, *Antonelli v Lum,* 102 AD2d 258; 1 NY Jur 2d, Acknowledgments, § 30, p 231; *Marden v Dorthy,* 12 App Div 188, 191-192, affd 160 NY 39). Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.