Frank Ciavarella, in Behalf of Himself and All Others Similarly Situated and Entitled to Share in the Funds Received or to be Received under a Contract for a Public Improvement, Respondent, *v.* The People of the State of New York et al., Defendants, and Slattery Contracting Co., Inc., et al., Appellants.

Third Department, May 4, 1962.

*Jacob I. Goodstein, Isidor Zamore* and *Benjamin W. Mehlman* for appellants.

*Sharon J. Mauhs* and *Peter M. Mauhs* for respondent.

GIBSON, J. Appeal is taken by two of the defendants from so much of an order of the Supreme Court at Special Term as denied their motion to dismiss for insufficiency the complaint in a representative action to enforce a trust under article 3-A of the Lien Law.

The appellants, as general contractors for a public improvement, contracted for the performance of part of the work by defendant Smith Construction Company, which then contracted with defendant Varrone and Di Napoli, Inc., which, in turn, entered into a contract with plaintiff who, pursuant thereto, furnished work, labor and services in and for the construction of the improvement. The complaint alleges that the general contract has been completed and accepted, that Varrone has filed a lien and that final payment has not been made to the general contractors; further avers that pursuant to the Lien Law (§§ 70, 71) the sums paid or owing to the general contractors, to Smith, and to Varrone, constitute trust assets to be applied to the payment of subcontractors, laborers and materialmen, among others; alleges, also, the misapplication of such assets; and demands judgment for various forms of relief, including payment of plaintiff's claim from the trust assets.

Terming Varrone a "sub-subcontractor" and plaintiff a "sub-sub-subcontractor", appellants contend that while the former is to be deemed a "subcontractor" and thus a trust beneficiary (Lien Law, § 71, subd. 2), "no one below the category of a sub-subcontractor" thus qualifies under the definition of a "subcontractor" as a person contracting "with a contractor and/or with a subcontractor" (Lien Law, § 2, subd. 10).

The argument is self-refuting as, obviously, since Varrone became, by definition, a subcontractor, plaintiff also became such by contracting with Varrone. " The chain could continue indefinitely." (*Wynkoop* v. *People*, 1 A D 2d 620, 621, affd. 4 N Y 2d 892.) The case cited is relied upon by appellants as authority to the contrary; but the opinion (p. 622) draws a clear distinction between the statutory definition above quoted and the use of the same word in the statute whereby the class of subcontractors who may *file liens* against moneys due the contractor is limited to " *his* subcontractor[s] " (Lien Law, § 5; italics supplied); this as distinguished from " *a* subcontractor " (Lien Law, § 2, subd. 10; italics supplied; and cf. " of subcontractors ", merely, in § 71, subd. 2, par. [a]); but, under subdivision 4 of section 71, the filing of a lien is not necessary to qualify a subcontractor as a beneficiary. Fully applicable to the present enactment is the statement of the Court of Appeals respecting the legislative policy underlying the statute immediately preceding it as intended " to assure that the funds received from an owner should ' reach [their] ultimate destination — material and labor '. (See 1942 Report of N. Y. Law Rev. Comm., pp. 298–300; N. Y. Legis. Doc., 1942, No. 65 [H], pp. 28–30.) " (*Aquilino* v. *United States of America*, 10 N Y 2d 271, 279.)

If, nevertheless, we were to assume that plaintiff, while clearly a beneficiary of the separate trust with which Varrone is charged, is not a direct beneficiary of the trust of which appellants are trustees, it would not follow that appellants are entitled to dismissal of this complaint, alleging, as it does, in a representative action, the interrelationships of the parties and averring that there remain moneys due appellants from the State and, perhaps unnecessarily, that trust funds have been diverted; and seeking discovery and disclosure as well as an accounting, and demanding, further, that the court " bring  *  *  *  under its control all of [the] trust funds and all property  *  *  * into which the same may have been diverted, and distribute the same among all parties and persons entitled thereto ". The broad scope and remedial nature of article 3-A seem clearly to warrant procedures of this nature (see, e.g., Lien Law, § 70, subd. 1; § 77, subds. 1, 3; Civ. Prac. Act, § 195), to the enforcement of which appellants' presence in the representative action is, of course, necessary. Indeed, the action would seem warranted and proper, without regard to the position of plaintiff vis-a-vis the general contractors, if only as it might result in payments from the trust of which appellants are trustees or from the trust fund held by Smith, or from both, ultimately

294

reaching the trust of which Varrone is trustee and of which plaintiff is concededly a direct beneficiary.

The order should be affirmed, with $10 costs.

BERGAN, P. J., COON, HERLIHY and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.