OPINION OF THE COURT
Stephen G. Crane, J.
Defendant John Z. De Lorean moves, pursuant to CPLR 3211 (subd [a], par 7), to dismiss the complaint against him in this action for damages for breach of an employment contract between plaintiff and the corporate defendant, De Lorean Motor Company (DMC).
The first cause of action, stated against DMC alone, incorporates an exchange of correspondence between DMC and plaintiff creating an employment contract. The offer *862 from DMC is signed by John Z. De Lorean, per procuration, without indication of his corporate title as president. The body of the letter makes unmistakable, however, that the offer is made solely on behalf of DMC. Plaintiff’s letter of acceptance and proposal of additional details is addressed to John Z. De Lorean “President” of DMC. It likewise expresses plaintiff’s then clear understanding that he was contracting with DMC. Plaintiff provided at the foot of his letter a space for John Z. De Lorean’s signature signifying agreement with the plaintiff’s additional details. It is unimportant to the resolution of this motion to detail further the allegations of the first cause of action concerning the breach of this contract.
The second cause, incorporating the allegations of the first, names movant alone as the defendant liable for the breach because DMC’s offer and its agreement to additional terms were signed by him “in his individual capacity,” thereby making him a party to the agreement.
The third cause against both defendants simply adds a specification of additional damages. It is improperly split from the first and second causes and does not state a sufficient independent claim against either defendant.
The fourth cause of action against both defendants asserts damage to plaintiff’s reputation. He alleges that a scandal surrounds the financial demise of DMC and that because of his affiliation with defendants he has suffered damage to his reputation. This claim bears no resemblance to any cause of action yet recognized by the law of any jurisdiction and is patently insufficient as to both defendants.
The complaint against John Z. De Lorean must be dismissed. The second cause of action sets forth no obligations that Mr. De Lorean personally undertook or personally breached. All of the obligations in the correspondence are strictly corporate in form, nature, and substance. Mr. De Lorean was only the president of DMC. While his signature on the correspondence is unaccompanied by his corporate title, there is not a whisper of his guarantee of DMC’s undertakings or of his agreeing to answer for DMC’s defaults. And plaintiff’s understanding that he was *863 dealing solely with DMC is eloquently expressed by his own letter of additional terms. Since plaintiff claims that these two letters comprise the entire agreement between the parties,[1] there can be no claim against the individual defendant. In this context, the fact that movant’s individual signature appears without limitation to his corporate title is of no legal significance.
The plaintiff knew that John Z. De Lorean was acting as an agent for DMC. To prevail against John Z. De Lorean, he must show that John Z. De Lorean intended to bind himself personally. Indeed, the law presumes that the agent intends to bind only the principal (3 NY Jur 2d, Agency, § 277). The mere fact that he signs for his principal without indicating his agency relationship, already fully understood by the parties, is insufficient to make the agent a party to the contract (3 NY Jur 2d, Agency, § 276). As stated by Judge Laughlin in Hernandez v Brookdale Mills (194 App Div 369, 381): “[W]hen the principal is known to the person dealing with the agent and it is understood by both parties that the contract is negotiated for the principal, the courts should not close their eyes to the manner in which such contracts are constantly negotiated and by the application of an arbitrary rule hold that a contract intended and understood to be that of the principal personally binds the agent, who had no intention of pledging his personal credit, and binds the principal as well, so that the party dealing with him may look to whichever of them he finds to be the more responsible financially. It will not do, therefore, to hold that a contract negotiated by an agent for a known and disclosed principal becomes the contract of the agent if in negotiating it verbally or by writing not under seal, he signs his own name without taking the precaution to tell the person to whom he is writing that he is acting for his principal which is already fully understood.” In Hernandez, it was ruled that parol evidence was admissible in the ambiguous circumstances there to show for whom the contract was made. So also was the holding in Shoenthal v Bernstein (276 App Div 200), where the intent of the agent was ambiguous. *864 Lest these cases be read for the proposition that the second cause of action against John Z. De Lorean must go to trial, it should be noted that the complaint at bar, read most favorably to plaintiff, already proclaims that the contract was made with DMC and attempts to hold movant with an allegation that his mere signature makes him liable. This, without more, is insufficient. (Cf. Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1; Salzman Sign Co. v Beck, 10 NY2d 63.)
As previously mentioned, the third and fourth causes of action cannot stand against either defendant. The only question that lingers with respect to these claims is whether relief can be granted in favor of DMC, which has not joined in this motion. If this court had notified the parties pursuant to CPLR 3211 (subd [c]) that the court intended to treat their submissions as a motion for summary judgment (see Rovello v Orofino Realty Co., 40 NY2d 633), it would be improper to extend relief to DMC which never joined in the motion (Bethview Amusement Corp. v Lorber, 35 AD2d 971, apps dsmd 28 NY2d 652, 718). The reason given in that case for limiting relief to the movants was that plaintiff was afforded no opportunity to meet the proof of the nonmoving defendants; plaintiff’s proof was necessarily limited to the moving defendant’s application. In the context of that case extension of relief to the non-moving defendants was found objectionable. No similar reason compels the same result at bar.[2] Here, DMC stands or falls with John Z. De Lorean on the third and fourth causes of action; it would avoid unnecessary motion practice to address the pleading, now, as against both defendants. (McLaughlin and Graziano, Civil Practice, 23 Syr L Rev 275, 292.)
Indeed, a motion pursuant to CPLR 3211 (subd [a], par 7) searches the record. (Siegel, New York Practice, § 282.) Thus a movant for relief runs the risk of a dismissal of his *865 own pleading. (Id., § 269; Rand v Hearst Corp., 31 AD2d 406, 408, affd 26 NY2d 806.) By a parity of reasoning, where the search of the record reveals a defect favorable to a nonmoving party, relief to that party ought to be available. It would exalt form over substance to await a second motion by DMC to yield that result — one compelled by the doctrine of the law of the case. (Siegel, New York Practice, §§ 276, 448.)
In brief, a failure to state a cause of action is a nonwaivable jurisdictional defect. (6 Carmody-Wait 2d, NY Prac, § 38:34.)
The motion is granted, with costs to John Z. De Lorean, the complaint is dismissed as to him and the third and fourth causes are dismissed as against DMC. The action is severed and plaintiff is given leave to amend his ad damnum clause against DMC to embrace the damages contemplated in paragraph 17 of the complaint.

. Indeed, paragraph 5 of the complaint underscores the absence of any claim against movant. It expressly states that the agreement was between plaintiff and DMC.

. This court is not dissuaded by Paulson v New Jersey & N.Y. R. R. Co. (54 App Div 189). That case involved the conduct of the litigation; and the court refused to extend to nonmoving defendants a dismissal for failure to prosecute. The sufficiency of a jointly stated claim, as at bar, was not involved there. Other cases limiting relief to the movant are likewise distinguishable. (See, e.g., Trustees of Carpenters & Millwrights Health Benefit Trust Fund v Angel-Haus Condominium, 36 Col App 133.)