258

Son Fong Lum, Respondent, v Domenico Antonelli, Appellant-Respondent, and Long Island Savings Bank et al., Respondents-Appellants. (And Third-Party Titles.) (Matter No. 1.)

Domenico Antonelli, Appellant, v Jimmy Lum, Also Known as Chung Lum et al., Respondents. (Matter No. 2.)

Second Department, June 18, 1984

### APPEARANCES OF COUNSEL

*Dreyer & Traub* (*Hannah K. Flamenbaum* and *Samuel Kirschenbaum* of counsel), for Domenico Antonelli.

*Binder, Permut, Mishkin, Stangler, Strear & Boyle* (*Michael Permut* of counsel), for Yee Woo Lum and another, respondents-appellants.

*Richard T. Farrell* for Alfonso Duarte, third-party defendant-appellant.

*Dollinger, Gonski & Grossman* (*Matthew Dollinger* of counsel), for Long Island Savings Bank.

*Schutzman & Schutzman* (*Joseph Schutzman* of counsel), for Son Fong Lum, respondent.

**OPINION OF THE COURT**

WEINSTEIN, J.

By deed dated August 4, 1976 and recorded in the Office of the Register, Queens County, on August 6, 1976, plaintiff, Son Fong Lum, and her husband, Chung Lum, purportedly conveyed their interest as tenants by the entirety in the premises at 150-56 20th Road, Whitestone, to their son and daughter-in-law, defendants Yee Woo Lum and Po Wah Lum. The instrument was signed by Chung Lum, whose signature is not disputed. The deed also bears an X as the purported mark of the plaintiff. The certificates of acknowledgment of Alfonso Duarte, a notary public, are affixed to the deed.

On March 22, 1978, defendants Lum, representing themselves to be the owners of the subject property, gave a mortgage to the defendant Long Island Savings Bank. That mortgage was duly recorded on March 24, 1978.

By deed dated January 9, 1980, and recorded on January 16, 1980, defendants Lum conveyed the property to Domenico Antonelli for a purchase price of $105,000. As part of the transaction, Antonelli (1) executed a second, purchase-money mortgage to defendants Lum in the sum of $15,000, which was duly recorded on January 16, 1980, (2) executed an extension and modification agreement pursuant to which Antonelli assumed the mortgage previously executed by defendants Lum in favor of the Long Island Savings Bank, and (3) made various payments totaling $33,823.25.

Plaintiff maintains that the 1976 deed purporting to convey her interest in the subject premises to defendants Lum was a forgery inasmuch as she never signed or made an identifying X mark on the instrument. She commenced an action pursuant to RPAPL article 15 for a judgment (1) barring defendants Antonelli, the Long Island Savings

Bank, Yee Woo Lum and Po Wah Lum, as well as all persons claiming under them, from any claim or interest in the subject property and (2) directing the cancellation of the aforesaid deeds and mortgages.

Meanwhile, Antonelli had commenced a holdover summary proceeding in the Civil Court of the City of New York, Queens County, against plaintiff and Chung Lum. By order of the Supreme Court, Queens County (Santucci, J.), that proceeding was removed from the Civil to the Supreme Court for joint trial with plaintiff's action.

Plaintiff did not assert a cause of action against the notary in her complaint. Duarte was brought into the action as a third-party defendant by Antonelli and the Long Island Savings Bank. The parties asserted various counterclaims and cross claims against each other. The matters proceeded to trial in April, 1981 before Justice Howard E. Levitt.

The trial court, without specifically finding that plaintiff's purported mark upon the deed had been a forgery, found that the deed to defendants Lum had not been acknowledged in the manner required by law. The notary merely assumed that the parties were who he thought they were without conducting any further inquiry. The court found that Duarte's certification of plaintiff's "signature" was false, whether or not such signature was forged, and that this failure to obtain a proper acknowledgment constituted misconduct under section 135 of the Executive Law, thus entitling plaintiff to judgment in her favor. Aside from the forgery issue, the trial court concluded that even if plaintiff had affixed her mark to the deed, the deed was invalid inasmuch as she clearly had no intention of conveying the property and since her ability to speak and understand English had never been established.

We disagree and find no basis for nullifying the respective deeds and mortgages. Inasmuch as the underlying deed from plaintiff and her husband is valid, none of the parties is liable in damages to the others.

A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption, in a case such as this, can be rebutted only after being weighed against any evidence adduced to

show that the subject instrument was not duly executed (see *Uvalde Asphalt Paving Co. v City of New York,* 99 App Div 327). The rule as expounded by the Court of Appeals is that "a certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty" (*Albany County Sav. Bank v McCarty,* 149 NY 71, 80).

Plaintiff failed to come forward with proof of the nature required to rebut the presumption of due execution arising from the notary's certificate of acknowledgment. Plaintiff's case rested upon her own testimony that the X mark on the deed was not hers and upon several documents bearing her authentic signature. Plaintiff's testimony established that she first learned to write her name in English in 1968 and that, since 1969, she has not signed anything with an X mark. Plaintiff furthermore claimed that she had been at work on the day of the closing.

The proof offered by plaintiff is not sufficient to overcome the presumption of the validity of Duarte's acknowledgment. A total of five witnesses — Duarte, plaintiff's son, daughter-in-law and two grandsons — contradicted plaintiff's testimony that she was not present when the deed was signed. Furthermore, Duarte and defendants Lum testified that they personally witnessed plaintiff place her mark upon the deed. Testimony was adduced at trial that plaintiff intentionally signed the 1976 deed with an X mark so that her signature thereupon would be consistent with that on the mortgage given by her husband and herself at the time they acquired the subject property. Plaintiff admitted having signed that mortgage with an X mark.

Notwithstanding the fact that the documents introduced by plaintiff at trial illustrated that she was capable of signing her name in English, they did not prove that she always signed her name in that manner. Moreover, the evidence that, on August 5, 1976, one day after the signing of the deed, plaintiff changed her address on the official bank account signature card, shows that she intended to

move and circumstantially supports defendants' contention that she knowingly signed the deed. Plaintiff offered no explanation for this change of address.

On the facts herein, plaintiff failed to sustain her burden of proving forgery. Even had the acknowledgment been improperly taken, there would exist no basis for setting aside the conveyance. A conveyance of realty is effective to pass title as between the parties thereto, even though the deed be unacknowledged or improperly acknowledged (see *Strough v Wilder,* 119 NY 530; *Wood v Chapin,* 13 NY 509).

We further find that, in any event, the trial court erred in setting aside the 1976 deed in its entirety inasmuch as there is no dispute as to the validity of Chung Lum's signature on the instrument. While a tenant by the entirety is not empowered to dispose of the interests of the other cotenant, the tenant can convey his or her own limited interest (see *Lawriw v City of Rochester,* 14 AD2d 13, affd 11 NY2d 759). "A tenant by the entirety may convey his limited interest in property held by the entirety, but he cannot thereby sever the tenancy or convert it into a tenancy in common. The grantee becomes a tenant in common with the spouse of the grantor, so far as the right to share in rents and profits are concerned, but the title is still deemed held by the entirety, and the right of survivorship is unaffected. The grantee may ultimately obtain the whole fee, if his grantor survives, but his interest in the property may be completely extinguished, if the other spouse survives. Similarly, when there are two conveyances, one by each tenant by the entirety to different grantees, each grantee takes a right to share possession and profits. However, so far as the ultimate title is concerned, the right of each depends upon the order in which the grantors die" (5A Warren's Weed, NY Real Property, Tenancy by Entirety, § 4.01).

Consequently, upon the execution of the 1976 deed, at a minimum, Chung Lum's limited interest in the premises held by the entirety was transferred to his son and daughter-in-law, who became tenants in common with plaintiff insofar as the rights to possession and to share in rents and profits are concerned. Thus, it was improper to have set aside the deed in its entirety.

In conclusion, we find that the trial court erred in holding that plaintiff was not bound by her mark upon the deed conveying the subject property to defendants Lum. There was no showing of fraud, duress or some other wrongful act on the part of any party to the contract. Plaintiff was not incompetent. Nor was she totally ignorant of the English language, having gone to school to study English in order to become a citizen. Plaintiff is presumed to know what she signed and to have consented to the conveyance. In the event that she was unable to read the deed, she was negligent in not having had it read to her. Under the circumstances of this case, plaintiff is bound by the X on the 1976 deed which purports to be her mark (see *Pimpinello v Swift & Co.,* 253 NY 159, 162-163; *Metzger v Aetna Ins. Co.,* 227 NY 411, 416).

Accordingly, it was error to have barred the defendants Yee Woo Lum, Po Wah Lum, Long Island Savings Bank and Antonelli from all claim and interest in the subject premises and to have canceled the respective deeds and mortgages. The judgment appealed from should be reversed in its entirety, the plaintiff's complaint, counterclaims, cross claims and the third-party complaints in matter No. 1 should be dismissed and the stay of summary proceedings granted by order of the Supreme Court, Queens County (Santucci, J.), dated June 9, 1980, should be vacated, and matter No. 2 (the summary proceeding) should be remitted to the Civil Court of the City of New York, Queens County, for further proceedings in accordance herewith.

MOLLEN, P. J., BROWN and BOYERS, JJ., concur.

Judgment of the Supreme Court, Queens County, dated June 7, 1982, reversed, on the law and the facts, with one bill of costs to appellants appearing separately and filing separate briefs, complaint, counterclaims, cross claims and third-party complaints in matter No. 1 dismissed, stay of summary proceedings granted by order of the same court, dated June 9, 1980, vacated and matter No. 2 remitted to the Civil Court of the City of New York, Queens County, for further proceedings in accordance with the opinion herewith.