■ SHOWCASE HOMES, LTD., Respondent, v THOMAS KONTO-GIANNIS, Appellant, et al., Defendant. (And Two other Titles.) —In three separate actions to recover sums due on certain commission agreements, defendant Thomas Kontogiannis appeals from three judgments of the Supreme Court, Nassau County (Berman, J.), all entered October 25, 1983, each of which, upon granting plaintiff's cross motion for summary judgment, directed that plaintiff recover from the individual defendant the sum of $4,882.66, $17,132.25 and $4,882.66, respectively.

Judgments reversed, with one bill of costs, the cross motions for summary judgment denied and matters remitted to the Supreme Court, Nassau County, for further proceedings. Appellant's time to serve his answers is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry.

Plaintiff is a licensed real estate broker. Defendant Thomas Kontogiannis is president of the corporate defendant, Kontogiannis Construction, Inc.

In 1979, the corporate defendant entered into five separate real estate contracts whereby it agreed to sell certain premises to private purchasers. Plaintiff and the corporate defendant also entered into five separate commission agreements acknowledging that plaintiff had procured a purchaser for each of the premises and agreeing on a sum-certain commission. The agreements provided that the commissions were due and payable if and when title should close, or upon willful default on the part of the seller, and were signed by the individual defendant without any indication of corporate title.

Plaintiff alleges in its complaints that defendants have repudiated the contracts, and that it is, therefore, entitled to the commissions.

By notices of motion labeled as being for summary judgment, all dated June 3, 1983, the individual defendant (hereinafter defendant) moved in each action, pursuant to CPLR 3211, for an order, *inter alia,* dismissing the complaint as against him. In support, defendant submitted affidavits averring that he dealt with plaintiff only as an officer of the corporate defendant, and that plaintiff knew of his status as such. Plaintiff responded with cross motions for summary judgment, supported by affidavits and copies of the commission agreements.

Special Term, in each case, denied defendant's motion and granted plaintiff's cross motion, and the judgments appealed from ensued.

Defendant claims that the court erred in treating his motion as one for summary judgment without first giving adequate notice to the parties of its intention to do so (CPLR 3211 [c]). There were, however, sufficient indicia that the motion would be treated as one for partial judgment on the issue of the defendant's personal liability, and defendant may not now complain that it did not have notice of the court's intention *(see, Goldstein v County of Monroe,* 77 AD2d 232, 234; *see also, Shapiro v Prudential Ins. Co.,* 81 AD2d 661, 662). Such treatment should, however, have been restricted to the question of the individual defendant's personal liability.

Furthermore, the court erred in finding that defendant's signature, without any indication of corporate title, made him personally liable as a matter of law *(see, Salzman Sign Co. v Beck,* 10 NY2d 63, 66-67; *Stylianides v De Lorean Motor Co.,* 115 Misc 2d 861). Summary judgment is a drastic remedy not to be used if there is any doubt that a triable issue of fact exists *(Cunningham v General Elec. Credit Corp.,* 96 AD2d 502). On this record, there are factual issues, including whether defendant signed in his individual or corporate capacity and whether there was a default, which merit a full trial.

We have examined defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.