■ ELAINE CAPALBO, Respondent, v EUGENE CAPALBO, Appellant.—In a proceeding, *inter alia,* to enforce an award of child support made in an order of the Supreme Court, Nassau County, dated July 11, 1978, the husband appeals from so much of a judgment of the Supreme Court, Westchester County (Delaney, J.), dated January 30, 1989, as, after a nonjury trial, is in favor of the wife and against him in the principal sum of $37,800 for arrears of child support.

Ordered that the judgment is affirmed, with costs.

The parties were married on April 29, 1962, and had one son, born two years later. Thereafter, in 1966, the parties entered into a separation agreement which provided that the defendant would pay the plaintiff $20 per week for child support. The terms of the agreement were subsequently incorporated in, but not merged with, a judgment of divorce ob-

tained by the plaintiff ex parte in Mexico on July 6, 1966. One year later, in response to a petition for upward modification brought by the wife, the husband requested and was granted a downward modification of child support to $15 per week. After the husband remarried, upon the wife's motion, his child support obligation was increased to $100 weekly by the Supreme Court, Nassau County, in an order dated July 11, 1978.

In 1983, the wife commenced this proceeding to recover arrears, and obtained a judgment in the principal sum of $37,800, representing arrears in child support from the date the defendant ceased making payments to the date of the child's emancipation. The husband appeals, arguing that the divorce judgment was invalid because he neither accompanied the wife to Mexico nor consented to the divorce (see, *Rosenstiel v Rosenstiel*, 16 NY2d 64, *cert denied* 384 US 971; *Rosenbaum v Rosenbaum*, 309 NY 371). We affirm.

Assuming, arguendo, that the validity of the order dated July 11, 1978, is dependent upon the validity of the Mexican divorce judgment, the husband, having partaken of the benefits of the foreign divorce judgment by remarrying and having left that judgment unchallenged for more than 20 years, may not now contest its validity in order to avoid his obligations thereunder (see, *Krieger v Krieger*, 25 NY2d 364; *Miller v Miller*, 92 AD2d 761; *see also, Topilow v Peltz*, 43 Misc 2d 947, *affd* 25 AD2d 874). Thus, the husband is estopped from asserting the invalidity of the foreign divorce judgment as a defense to the instant proceeding. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.