■ In the Matter of the Estate of HENRY G. OFFERMAN, Deceased. HENRY J. OFFERMAN, as Executor of HENRY G. OFFERMAN, Deceased, Respondent; ELEANOR CAMPBELL, Appellant; FRANK SCHIRALDI et al., Respondents. (Matter No. 1.) In the Matter of the Estate of GEORGE A. OFFERMAN, Deceased. HENRY J. OFFERMAN, as Executor of GEORGE A. OFFERMAN, Deceased, Respondent; ELEANOR CAMPBELL, Appellant; FRANK SCHIRALDI et al., Respondents. (Matter No. 2.)—In proceedings to settle the accounts of the executor of two decedents' estates, the objectant appeals, as limited by her brief, from so much of (1) a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), as in the Matter of Henry George Offerman, deceased (Matter No. 1), determined, after a nonjury trial, that certain

real property was not owned by the objectant, and (2) a decree after a nonjury trial, of the same court, also dated August 14, 1989, as, in the Matter of George Anton Offerman, deceased (Matter No. 2), determined, after a nonjury trial, that certain real property was not owned by the objectant.

Ordered that the decrees are reversed insofar as appealed from, on the law, and the proceedings are remitted to the Surrogate's Court, Suffolk County, for the entry of a decree in each proceeding in accordance herewith; and it is further,

Ordered that the objectant is awarded one bill of costs, payable by the estates.

Contrary to the conclusions of the Surrogate, we find that the objectant, the sister of the decedent George Anton Offerman and daughter of the decedent Henry George Offerman, established that she had in fact taken title to the subject property prior to George Anton Offerman's death. The objectant introduced into evidence a deed which bore George Anton Offerman's signature. This fact was acknowledged by the executor. Moreover, she established that consideration was paid and therefore a valid conveyance was established. That the deed was not properly acknowledged does not vitiate the validity of the transfer as between the grantor and grantee (see, Son Fong Lum v Antonelli, 102 AD2d 258, affd 64 NY2d 1158). Accordingly, the objectant established that she owned the property, which has since been sold to a bona fide purchaser for value, at the time of her brother's death and hence, it did not pass into her late father's estate for distribution.

As conceded by the objectant, however, a setoff will be necessary to reflect her receipt of her share of the proceeds from the sale of the subject property, and to determine the amount of her claim against the estates. Accordingly, we remit the matters to the Surrogate's Court, Suffolk County, for the entry of appropriate decrees consistent herewith. Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.