**In re Sebastian PIAZZA, Debtor.**

**Allan B. MENDELSOHN, Trustee, in Bankruptcy of Sebastian Piazza, Plaintiff,**

v.

**A & C HOLDING CO., Defendant.**

**Bankruptcy No. 893–81035–478. Adv. No. 894–8433–478.**

United States Bankruptcy Court, E.D. New York.

April 27, 1995.

(2) the trustee does not attempt to avoid such transfer.

Calo Agostino Merkin, New City, NY, for A & C Holding Co.

Howard J. Wunderlich, Central Islip, NY, for trustee.

### DECISION ON COMPLAINT BY TRUSTEE SEEKING TO AVOID A MORTGAGE DUE TO FORGERY

DOROTHY EISENBERG, Bankruptcy Judge.

This matter is before the Court pursuant to a complaint by the Trustee of the Bankruptcy Estate of Sebastian Piazza (the "Trustee"), seeking to void a mortgage lien based on the Trustee's allegation that the signature of Sebastian Piazza (the "Debtor") on a certain note and mortgage in favor of A & C Holding Co. (the "Defendant") is a forgery.

A trial on such complaint was held before the Court on January 30, 1995. After having heard the testimony and having examined the evidence offered by the parties, the Court concludes that the Trustee has not met his burden to prove that the signature of the Debtor on the note and mortgage is a forgery.

### FACTS

On February 25, 1993, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. Allan B. Mendelsohn was appointed the Chapter 7 Trustee, and is acting as such. On the Debtor's Schedule "D" (Creditors Holding Secured Claims), A & C was listed as having a second mortgage on the Debtor's residence in the amount of $90,-000. In section "B" of the Chapter 7 Individual Debtor's Statement of Intention the Debtor indicated that he wished to reaffirm the debt to A & C.

On July 14, 1993, the Court entered an Order of Discharge with respect to the Debtor. An application to amend the Debtor's petition to reclassify A & C's claim as disputed was brought and an Order amending the petition was entered on December 20, 1993. The Chapter 7 case was thereafter closed on January 24, 1994. The Trustee reopened the case on or about November 10, 1994 and brought an adversary proceeding claiming that the signatures on the Note and Mortgage are forgeries.

The Debtor had been the Vice President and one third owner of the now defunct Triangle Petroleum Transport Corporation ("Triangle"). The sum of $225,000.00 was given to Triangle by A & C Holding Co. ("A & C"). This transfer appears to have been memorialized by a note dated October 18, 1986, in the principal amount of two-hundred twenty-five thousand ($225,000.00) dollars (the "Note"), payable by the Debtor and his non-debtor wife, Carol Piazza ("Carol") to A & C. This Note reflects an obligation of and signatures by the Debtor and Carol.

Pursuant to the terms of the Note, there was an agreement to pay A & C consecutive monthly installments of $4,780.60 commencing on November 18, 1986 and ending October 18, 1991. Interest provided for by the Note accrued at the rate of 10% per annum.

There is a mortgage between the Debtor and his co-obligor, Carol and A & C (the "Mortgage") encumbering the premises known as 792 Mayer Drive, Wantagh, New York (the "Premises"). The Mortgage was dated "October 28" on its first page, however, the acknowledgment of the signatures of

the Debtor and Carol by a notary public on the last page of the Mortgage was dated October 18, 1986, the same date as the Note. The Mortgage secures the payment of an indebtedness to A & C in the amount of $225,000.

Although the Debtor and Carol deny signing such a Mortgage, the Mortgage was notarized and witnessed by two people. The Mortgage was recorded with the Nassau County Clerk's Office on April 3, 1987 at Liber 11958, Page 581 *et seq.* at which time it became a lien against the Premises.

The testimony adduced at trial indicates that the Note and Mortgage were executed at a closing that took place at the offices of Cantalupo Realty located at 1434 86th Street, Brooklyn, New York (the "Closing"). At the Closing on October 18, 1986, the signatures of the Debtor and Carol on the Mortgage were acknowledged by Anthony Cantalupo, a notary public of the State of New York, who is now deceased. Despite the fact that the Debtor and Carol deny having attended such Closing, two witnesses under oath, Vincent Magnone, Esq. and Martin Odorisio both testified that they witnessed the Debtor and Carol execute the Mortgage at the Closing. Martin Odorisio, in fact, signed the Mortgage as a witness.

Thirty-eight (38) payments were made to A & C pursuant to the Note and Mortgage commencing November 1986. Some of these payments were made to A & C subsequent to 1988 when Triangle ceased its operations and stopped paying its creditors.

At no time prior to the filing of the petition, did the Debtor claim that the signatures on the Note and Mortgage were false. Nor did the Debtor attempt to commence a proceeding to void the obligation.

At trial, the Trustee produced as his witnesses the Debtor, Carol, the Debtor's father (Mr. Anthony Piazza) and Mr. Robert Palimieri, an accountant for Triangle and the Piazza's. Mr. Palimieri's testimony was minimally relevant to the issue of whether the mortgage or note were forgeries, and shed no light thereon. The Defendant introduced the testimony of Vincent Magnone, Esq., counsel to A & C and Mr. Martin Odorisio, a loan officer of A & C. Aside from Mr. Palimieri, the Court notes that the credibility of the witnesses for both the Debtor and the Defendant is unconvincing and borders on being questionable. The Court further finds that the testimony and related evidence with regard to whether or not the Debtor and Carol utilize their middle initials in executing documents inconclusive, and unpersuasive. The Trustee failed to introduce any expert testimony with respect to the handwriting that could corroborate the testimony of the Debtor, Carol or Anthony Piazza that the signatures were forged.

### DISCUSSION

Under New York law, a certificate of acknowledgment by a notary public attached to an instrument raises a presumption of due execution. *Son Fong Lum v. Antonelli,* 102 A.D.2d 258, 476 N.Y.S.2d 921, 923 (1984); *See also: In re McCarthy,* 119 Misc. 257, 196 N.Y.S. 265 (Sup.Ct.1922) (holding that the presumption that every public officer does his duty applies to the administration of oaths by notaries public). In *Son Fong Lum,* the Court held that "a certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty." *Son Fong Lum,* 476 N.Y.S.2d at 923, *quoting, Albany County Savings Bank v. McCarty,* 149 N.Y. 71, 80, 43 N.E. 427 (1896).

*Son Fong Lum* is analogous to the case at bar. In that case, the plaintiff alleged that an "X" mark on a deed was a forgery as she never signed or made an identifying "X" mark on the instrument. A certificate of acknowledgment of a notary public was affixed to the deed in question.

The Court held that the plaintiff failed to come forward with sufficient proof to rebut the presumption of due execution arising from the notary's certificate of acknowledgment. *Id.* at 924. The court noted, "the plaintiff's case rested upon her own testimony that the X mark on the deed was not hers and upon several documents bearing her authentic signature." *Id.* In addition to the

acknowledgment, "five witnesses ... contradicted Plaintiff's testimony that she was not present when the deed was signed," and two witnesses "testified that they personally witnessed the plaintiff place her mark upon the deed." *Id.* The Court, concluding that the "plaintiff failed to come forward with proof of the nature required to rebut the presumption of due execution (arising from the notary's certificate of acknowledgment)", *Id.*, and had not met "her burden of proving forgery," dismissed the complaint. *Id.* at 925.

Similarly, in the case at bar, the Trustee is alleging that an acknowledged Note and Mortgage was not duly executed by the Debtor. The Mortgage was acknowledged by Anthony Cantalupo, a notary public of the State of New York. Additionally, both Vincent Magnone, Esq. and Martin Odorisio testified that they personally witnessed the Debtor execute the Mortgage in the presence of Anthony Cantalupo.

To overcome the burden of due execution, the Trustee must offer clear and convincing proof that the signatures on the Mortgage and Note are forgeries. *Id.* at 923. However, the Trustee has failed to offer any evidence, other than the oral testimony of the interested parties to rebut the presumption that the acknowledged Mortgage was duly executed. The Trustee failed to present a handwriting expert who could testify regarding the authenticity of the execution of the otherwise presumptively genuine document. This Court does not profess to be a handwriting expert and absent handwriting expert testimony, or other compelling evidence the Trustee has not sustained his burden of proof necessary to overcome the legal presumption of authenticity of acknowledged documents.

Although this Court cannot make a finding that the signatures are forgeries, this does not preclude the Debtor or his spouse from asserting this defense in state court, based on more compelling evidence.

### CONCLUSION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. 157(b) and 1334. This is a core proceeding under 28 U.S.C. 157(b)(2)(K).

The Trustee has not sustained his burden to show that the Debtor's signature on the Note and Mortgage is a forgery, which would result in the avoidance of the mortgage.

Accordingly, judgment is rendered in favor of A & C Holding Co., which retains a security interest in the Debtor's real property. The Trustee's adversary proceeding is dismissed.

Submit an Order in accordance with this decision.