■ In the Matter of the Estate of ANGELO C. CAPUTO, Deceased. CARMELLA CAPUTO, Appellant; ANASTASIA CAPUTO,

Respondent. [699 NYS2d 86] —In a proceeding pursuant to SCPA article 22, the objectant, Carmella Caputo, appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated July 15, 1998, as, after a hearing, dismissed her objections to the validity of a Mexican divorce decree which terminated her marriage with the decedent, Angelo Caputo.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the objectant personally.

The decedent, Angelo Caputo, and the appellant, Carmella Caputo, were married in 1937 and were divorced in 1970 pursuant to a Mexican divorce decree. In 1971, the decedent married the respondent, Anastasia Caputo. The appellant accepted the benefits of a separation agreement, which was incorporated by reference into the Mexican divorce, by endorsing hundreds of maintenance payment checks drawn on an account in the names of the decedent and the respondent.

The decedent died testate in 1992, and his will, which designated the appellant as his former wife and the respondent as his current wife, was probated without objection. In 1995 the respondent filed objections to a court-ordered account, and the appellant filed objections to the account and to the respondent's objections. The appellant claimed that the Mexican divorce decree was invalid due to the alleged forgery of the notarized power of attorney, and that she was the surviving wife. Following a hearing, the Surrogate dismissed the appellant's objections insofar as they related to the validity of the Mexican divorce decree. We affirm.

"[A] departure from settled comity principles can be justified only as a rare exception * * * Some evidentiary basis to support the proposition that the particular divorce decree of the foreign country was the product of individualized fraud or coercion or oppression or rested on proximately related public policies fundamentally offensive and inimical to those of this State must be demonstrated" (*Matter of Gotlib v Ratsutsky,* 83 NY2d 696, 699-700).

The appellant failed to sustain her burden of proving that the Mexican divorce decree was invalid due to a fraudulently-obtained power of attorney (*see, Matter of Lovick,* 201 AD2d 736; Executive Law § 137; *Albany County Sav. Bank v McCarty,* 149 NY 71, 80; *Royal Inn v M.A.F. Realty Corp.,* 105 AD2d 835, 836; *Son Fong Lum v Antonelli,* 102 AD2d 258, 260-261; *cf., Chumsky v Chumsky,* 108 AD2d 714). Moreover, since the appellant accepted the benefits of the foreign divorce decree and failed to challenge it for over 25 years, she is estopped by

laches from contesting its validity (see, Capalbo v Capalbo, 157 AD2d 696; Matter of Guido, 81 AD2d 614). O'Brien, J. P., Florio, Luciano and Smith, JJ., concur.