■ REPUBLIC PENSION SERVICES, INC., Appellant, v BRUCE CONONICO et al., Defendants, and SLAVICA POPOV et al., Respondents. [718 NYS2d 76] —In an action, *inter alia*, to foreclose a mortgage, the plaintiff appeals (1), as limited by its

brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated March 30, 1999, as granted those branches of the motion of the additional defendants Slavica Popov and Mosje Popov which were to introduce certain documentary evidence in opposition to the plaintiff's motion for summary judgment, (2) from a decision of the same court, dated March 31, 1999, and (3) from a judgment of the same court, dated July 2, 1999, which, after a hearing, is in favor of the additional defendants Slavica Popov and Mosje Popov and against it dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509), and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order as granted those branches of the respondents' motion which were to introduce documentary evidence in opposition to the plaintiff's motion for summary judgment is vacated, those branches of the motion are denied, and the matter is remitted to the Supreme Court for further proceedings, and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff holds a mortgage on property located at 157 Dahlia Drive, Mastic Beach, Suffolk County. The current residents are the defendants Slavica Popov and Mosje Popov who had the property conveyed to them by the defendant Bruce Cononico (hereinafter Cononico) in January 1983. By deed recorded in the office of the Suffolk County Clerk on March 31, 1983, Mosje Popov conveyed the property to Icorn Home Associates, an entity owned by Cononico. Thereafter, Cononico used this property as collateral to secure a loan from the plaintiff. Cononico subsequently defaulted on the loan and the plaintiff brought the instant action.

The Popovs contended that the deed recorded on March 31, 1983, was a forgery. At an evidentiary hearing to determine whether Cononico had forged Mosje Popov's signature, Mosje Popov testified that the signature on the deed was not his. The

Popovs asked for an adjournment, and thereafter, moved to admit an indictment and bill of particulars from a criminal proceeding against Cononico, which included a number of counts of possession of a forged instrument. Two of the counts of the indictment related to the deed dated March 31, 1983. Cononico was not convicted of either of those counts. The court admitted the indictment and the respective bill of particulars into evidence. Determining that Mosje Popov's testimony, coupled with the indictment and bill of particulars, was sufficient to establish that the deed was a forgery, the court dismissed the complaint insofar as asserted against the Popovs.

It is well settled that " '[a]n indictment is a mere accusation and raises no presumption of guilt. It is purely hearsay, for it is the conclusion or opinion of a body of [persons] based on ex parte evidence. The rule applies to criminal actions as well as civil' " (*People v Miller,* 91 NY2d 372, 380; *see, People v Morrison,* 194 NY 175).

Consequently, the only admissible evidence that the acknowledged deed was a forgery was Mosje Popov's unsupported testimony. "A certificate of acknowledgement attached to an instrument such as a deed raises a presumption of due execution, which presumption * * * can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*Son Fong Lum v Antonelli,* 102 AD2d 258, 260-261, *affd* 64 NY2d 1158; *see also, Albin v First Nationwide Network Mtge. Co.,* 248 AD2d 417). A certificate of acknowledgement should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of an interested witness, but only on clear and convincing evidence (*see, Albany County Sav. Bank v McCarty,* 149 NY 71, 80; *see also, Matter of Caputo,* 266 AD2d 538; *Royal Inn v M.A.F. Realty Corp.,* 105 AD2d 835). Therefore, under the facts of this case, the Supreme Court erred in dismissing the complaint insofar as asserted against the Popovs. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.