■ Vanguard Equipment Rentals, Inc., Appellant, v CAB Associates et al., Respondents. [732 NYS2d 883] —In an action, *inter alia,* pursuant to Lien Law article 3-A, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated February 16, 2001, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is modified by deleting the provisions thereof granting those branches of the motion which were to dismiss the first and third causes of action and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The defendant CAB Associates (hereinafter CAB) contracted with the New York State Department of Transportation to replace the Beach Lane Bridge over Quantuck Canal in Westhampton, New York. The plaintiff commenced the instant action asserting that it is owed the sum of $276,000 for purportedly furnishing equipment on the project. CAB moved to dismiss the complaint insofar as asserted against it, asserting it had no contractual relationship with the plaintiff. In opposing the motion, the president of the plaintiff averred that the plaintiff had a contract with Vista Engineering Corporation, a subcontractor of CAB, to provide machinery and equipment for the project. The Supreme Court granted CAB's motion to dismiss. We modify.

Contrary to the determination of the Supreme Court, we find that the plaintiff has sufficiently stated causes of action as a materialman under Lien Law § 71 (2) entitling it to seek trust assets (*cf., Leon v Martinez,* 84 NY2d 83, 88; *Ciavarella v People,* 16 AD2d 291). Accordingly, the first and third causes of action should not have been dismissed. The plaintiff, however, concedes that it had no contractual relationship with CAB and that it failed to file a timely notice of lien. Therefore, the fourth and fifth causes of action were properly dismissed. In addition, the second cause of action seeking punitive damages was

properly dismissed as there is no separate cause of action for punitive damages for pleading purposes (*see, Rose Lee Mfg. v Chemical Bank,* 186 AD2d 548). Altman, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.