■ UNGER REALTY SERVICES, INC., Respondent, v PASHTRIK REALTY CORP., Appellant. [757 NYS2d 499] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), dated June 7, 2002, which, upon an order of the same court, dated November 7, 2001, granting the plaintiff's motion for summary judgment on the complaint and dismissing the affirmative defenses and counterclaim, and denying its cross motion for summary judgment dismissing the complaint, is in favor of the plaintiff and against it in the principal sum of $35,461.56.

Ordered that the notice of appeal from the order dated November 7, 2001, is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]); and it is further,

Ordered that the judgment is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the affirmative defenses are denied, and the order dated November 7, 2001, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendant's affirmative defenses. Neither the plaintiff on the motion, nor the defendant on the cross motion, established prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Factual issues abound in this litigation as to the party responsible for obtaining restoration of the allegedly revoked J-51 tax abatements on the defendant's properties. The documentary and other evidence submitted by the parties is insufficient to eliminate any of these factual issues.

The Supreme Court correctly granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaim for punitive damages as there is no separate cause of action for punitive damages for pleading

purposes (*see Vanguard Equip. Rentals v CAB Assoc.,* 288 AD2d 306 [2001]). Altman, J.P., Smith, McGinity and Crane, JJ., concur.