■ CLEMENTE GIAMUNDO et al., Plaintiffs, v BERNARD R. McCONVILLE, Defendant and Third-Party Plaintiff-Appellant. NUNZIO PECORARO, Third-Party Defendant-Respondent. [766 NYS2d 101] —In an action for contribution, the defendant third-party plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered July 8, 2002, as, after a nonjury trial, dismissed the third-party complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The third-party plaintiff's action for contribution hinged upon the invalidity of an assignment. It is well settled that a certificate of acknowledgment attached to a written instrument raises a presumption of due execution, and such presumption "can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*Lum v Antonelli,* 102 AD2d 258, 260-261 [1984], *affd* 64 NY2d 1158 [1985]; *see Republic Pension Servs. v Cononico,* 278 AD2d 470, 472 [2000]). "A certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of an interested witness, but only on clear and convincing evidence" (*Republic Pension Servs. v Cononico, supra* at 472; *see Albany County Sav. Bank v McCarty,* 149 NY 71, 80 [1896]). Under the circumstances presented, the third-party plaintiff failed to present evidence sufficient to rebut the presumption of the duly executed assignment. Ritter, J.P., Florio, S. Miller and Luciano, JJ., concur.