SHAFFKA ELDER, Appellant, v DAVID ELDER, Defendant, and JOHN PALANCA, Respondent. [770 NYS2d 95]—

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of a parcel of real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated May 17, 2002, as denied her motion to stay all proceedings in a related action entitled *Palanca v Elder,* pending in the Supreme Court, Kings County, under Index No. 14619/99, and granted the cross motion of the defendant John Palanca for summary judgment with respect to the cause of action seeking a declaratory judgment.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not the owner of the subject property.

The plaintiff was the owner of a parcel of real property lo-

cated in Brooklyn (hereinafter the property). In 1984 the plaintiff purportedly signed a deed transferring title to the property to her son, the defendant David Elder (hereinafter David). The plaintiff contends that her signature on this deed was a forgery. Subsequently, David entered into a contract to sell the property to the defendant John Palanca. However, David refused to go forward with the sale and Palanca commenced an action against him for specific performance in the Supreme Court, Kings County. In that action, the Supreme Court granted Palanca's motion for summary judgment. Meanwhile, the plaintiff commenced this action against David seeking, inter alia, a judgment declaring that she is the rightful owner of the property. David failed to appear in this action and the plaintiff was granted a default judgment. Subsequently, Palanca was permitted to intervene in this action and the default judgment against David was set aside. Thereafter, the Supreme Court granted Palanca's cross motion for summary judgment with respect to the cause of action for a declaratory judgment. We affirm.

In support of his cross motion, Palanca submitted, inter alia, the certificate of acknowledgment which was attached to the executed and duly notarized deed which transferred the property from the plaintiff to David. " 'A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption . . . can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed' " (*Albin v First Nationwide Network Mtge. Co.,* 248 AD2d 417, 418 [1998], quoting *Son Fong Lum v Antonelli,* 102 AD2d 258, 260-261 [1984], *affd* 64 NY2d 1158 [1985]). In response thereto, the plaintiff failed to present sufficient credible evidence to rebut the presumption of the deed's validity raised by the certificate of acknowledgment. Furthermore, the plaintiff's allegations of fraud were not set forth with sufficient particularity, but merely took the form of conclusory allegations (*see* CPLR 3016 [b]). Accordingly, the Supreme Court properly granted Palanca's cross motion for summary judgment (*see Shim v Exim Capital Corp.,* 272 AD2d 315 [2000]; *Albin v First Nationwide Network Mtge. Co., supra*).

The Supreme Court also properly denied the plaintiff's motion to stay all proceedings in the related action as the plaintiff failed to establish entitlement to the relief sought (*see Fraguela v Norwest Mtge.,* 270 AD2d 226 [2000]).

The plaintiff's remaining contention is without merit.

Since this is an action for a declaratory judgment, the

Supreme Court should have directed the entry of a judgment declaring that the plaintiff is not the owner of the subject property (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962]; *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Adams, Crane and Cozier, JJ., concur.[*See* 2002 NY Slip Op 50320(U).]