■ KAREN OSBORNE, Respondent, v BARRY ZORNBERG, Appellant, et al., Defendant. [792 NYS2d 183]—

In an action, inter alia, to set aside a conveyance of real property as fraudulent, the defendant Barry Zornberg appeals from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated December 19, 2003, as granted those branches of the plaintiff's motion which were for summary judgment on the first cause of action in the complaint insofar as asserted against him, and for summary judgment on the issue of liability

on the second, third, and fourth causes of action in the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the first cause of action in the complaint insofar as asserted against the appellant, and for summary judgment on the issue of liability on the second and third causes of action insofar as asserted against the appellant are denied without prejudice to renew, and, upon searching the record, summary judgment dismissing the fourth cause of action is awarded in favor of the defendants and the fourth cause of action is severed and dismissed.

The Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the first cause of action to set aside the transfer of real property as fraudulent on the ground that the plaintiff's signature on the deed purporting to transfer the property was forged. "A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption . . . can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*Son Fong Lum v Antonelli,* 102 AD2d 258, 260-261 [1984], *affd* 64 NY2d 1158 [1985]; *see Elder v Elder,* 2 AD3d 671 [2003]; *Republic Pension Servs. v Cononico,* 278 AD2d 470, 472 [2000]; *Albin v First Nationwide Network Mtge. Co.,* 248 AD2d 417, 418 [1998]). "[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty" (*Albany County Sav. Bank v McCarty,* 149 NY 71, 80 [1896]; *see Republic Pension Servs. v Cononico, supra*).

In support of her motion, the plaintiff submitted only her own affidavit attesting to the alleged forgery of her signature on the deed. This unsupported testimony of an interested witness is insufficient to rebut the presumption of due execution of the deed (*see Albany County Sav. Bank v McCarty, supra* at 80; *Elder v Elder, supra*; *Republic Pension Servs. v Cononico, supra*; *Albin v First Nationwide Network Mtge. Co., supra*; *Son Fong Lum v Antonelli, supra*). Accordingly, the plaintiff did not sustain her burden in the first instance of establishing her entitlement to judgment as a matter of law on the first cause of action to set aside the transfer of real property as fraudulent (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853

[1985]). It is therefore unnecessary to consider the sufficiency of the defendant Barry Zornberg's opposition to the motion (*see id.*; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]).

The Supreme Court properly declined to consider the affidavit of the notary public submitted by the plaintiff for the first time with her reply papers (*see Jackson-Cutler v Long,* 2 AD3d 590 [2003]; *Adler v Suffolk County Water Auth.,* 306 AD2d 229, 230 [2003]). Thus, in this posture, there is no merit to the plaintiff's argument that her statements were corroborated by the affidavit of the notary public.

That portion of the order granting summary judgment on the issue of liability on the second, third, and fourth causes of action insofar as asserted against the defendant Barry Zornberg also must be reversed since liability was predicated upon the erroneous conclusion that the plaintiff sustained her burden on the first cause of action.

We search the record and award summary judgment in favor of the defendants dismissing the fourth cause of action for punitive damages on the ground that a separate cause of action to recover punitive damages does not lie for pleading purposes (*see Paisley v Coin Device Corp.,* 5 AD3d 748, 750 [2004]; *Vanguard Equip. Rentals v CAB Assoc.,* 288 AD2d 306 [2001]). Although neither defendant cross-moved for summary judgment for this relief, this Court has the authority pursuant to CPLR 3212 (b) to search the record and award summary judgment to a nonmoving or non-appealing party on a cause of action that was the subject of the motion before the court (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]; *QDR Consultants & Dev. Corp. v Colonia Ins. Co.,* 251 AD2d 641, 643 [1998]; *Addolorato v Safeguard Chem. Corp.,* 177 AD2d 680, 682 [1991]; *Kasper v Town of Smithtown,* 123 AD2d 743, 744 [1986]; *Stylianides v De Lorean Motor Co.,* 115 Misc 2d 861, 864-865 [1982]).

In view of the foregoing, we do not reach Zornberg's remaining contention. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.