■ EDWARD T. BROWN, Respondent, v VICTOR GRAZIANO, Appellant. [857 NYS2d 511]—

In an action, inter alia, to rescind a deed to real property on the grounds of fraud, lack of mental capacity, and undue influence, the defendant appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated August 2, 2007, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, both individually and as executor of the estate of Thomas W. Brown, his father, inter alia, to rescind a deed to real property transferred to the defendant and his late wife by the decedent in 2002. The defendant moved for summary judgment dismissing the complaint, arguing that the deed was acknowledged, which created a presumption of validity (*see Elder v Elder,* 2 AD3d 671 [2003]), and submitted affidavits which averred that the decedent had sufficient mental capacity to understand his actions (*see Crawn v Sayah,* 31 AD3d 367 [2006]).

In response to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff submitted affidavits that sharply disputed the defendant's version of the facts. Accordingly, there are issues of fact which preclude the granting of summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The defendant's remaining contentions are without merit or need not be addressed in light of our determination. Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.