In four related actions, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, 1557 Park Place Realty Corp., a defendant in action No. 4, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated April 23, 2007, as, after a hearing, granted that branch of the motion of Marsha Lee, the plaintiff in action No. 4, which was, in effect, to set aside a deed dated March 1, 2002, conveying title to the subject real property from her to it and to restore title to her.
Ordered the order is affirmed insofar as appealed from, with costs.
1557 Park Place Realty Corp. (hereinafter Park Place) contends that the Supreme Court erred in finding that the deed dated March 1, 2002, which conveyed title to the subject property from Marsha Lee to it, was not legitimately executed, acknowledged, and delivered. “ ‘A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption . . . can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed’ ” (Osborne v Zornberg, 16 AD3d 643, 644 [2005], quoting Son *538 Fong Lum v Antonelli, 102 AD2d 258, 260-261 [1984], affd 64 NY2d 1158 [1985]; see Elder v Elder, 2 AD3d 671 [2003]). “ ‘[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty’ ” (Osborne v Zomberg, 16 AD3d at 644, quoting Albany County Sav. Bank v McCarty, 149 NY 71, 80 [1896]; see Republic Pension Servs. v Cononico, 278 AD2d 470, 472 [2000]).
In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; ProHealth Care Assoc., LLP v Shapiro, 46 AD3d 792 [2007]; Matter of Fasano v State of New York, 113 AD2d 885, 887-888 [1985]). During the hearing before the Supreme Court, Lee testified that while her signature possibly appeared on the March 1, 2002 deed, she did not knowingly sign the deed and did not intend to convey the property. The court was presented with further testimony and documentary evidence which indicated that the subject deed was not legitimately executed, acknowledged, and delivered. The Supreme Court’s determination that the evidence adduced at the hearing rebutted the presumption that the deed was duly executed is supported by the record, and we find no reason to disturb it (cf. Osborne v Zomberg, 16 AD3d 643 [2005]; Elder v Elder, 2 AD3d 671 [2003]; Son Fong Lum v Antonelli, 102 AD2d 258, 260-261 [1984], affd 64 NY2d 1158 [1985]).
Park Place’s remaining contention is without merit. Skelos, J.P, Ritter, Garni and Dickerson, JJ., concur. [See 15 Misc 3d 1124(A), 2007 NY Slip Op 50833(U).]