In an action, inter alia, to set aside a deed to real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marker, J.), dated January 14, 2011, which, inter alia, granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff and her husband, the defendant Donato Valenzano, owned a residence in Bethpage (hereinafter the property). In 2007 the plaintiff and her husband purportedly signed a deed transferring title to the property to the husband’s parents, the defendants Giuseppe Valenzano and Addolorata Valenzano. The plaintiff commenced this action against the defendants seeking, inter alia, a cancellation of the subject deed, alleging that her signature on the deed was a forgery. After completion of discovery, the defendants moved for summary judgment dismissing the complaint, offering, in support of the motion, the signed deed with a certificate of acknowledgment, as well as the affidavit and deposition testimony of a notary, in which the notary claimed personally to have witnessed the plaintiff sign the deed. The defendants also submitted the *662 transcript of the deposition testimony of the person who signed the deed as a witness, in which the witness asserted that, although she had no independent recollection of the execution of the deed, based upon her signature on the deed, her customary practice dictated that she personally witnessed the plaintiffs signature. Based upon the foregoing, as well as the copious amount of other evidence submitted, the defendants established their prima facie entitlement to judgment as a matter of law (see CPLR 4538; John Deere Ins. Co. v GBE/Alasia Corp., 57 AD3d 620, 621-622 [2008]; Beshara v Beshara, 51 AD3d 837, 838-839 [2008]; Osborne v Zornberg, 16 AD3d 643 [2005]; Elder v Elder, 2 AD3d 671 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (cf. Preshaz v Przyziazniuk, 51 AD3d 752 [2008]; Hoffman v Kraus, 260 AD2d 435 [1999]).
Moreover, the Supreme Court did not err in granting the defendants’ application to excuse, for good cause, the defendants’ brief delay in filing their motion for summary judgment (see Popalardo v Marino, 83 AD 3d 1029 [2011]; Stimson v E.M. Cahill Co., Inc., 8 AD3d 1004 [2004]).
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.